IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ALFONSO NORMAN, PRO SE PETITIONER, | & | CASE NO. |
| | & | ~~CC-91-0398.60~~ |
| vs. | & | 2:08CV229-W |
| | & | |
| UNITED STATES OF AMERICA, RESPONDENT. | & | |

MEMORANDUM OF LAW IN SUPPORT OF
2254 WRIT OF HABEAS CORPUS

COMES NOW, ALFONSO NORMAN,(PETITIONER AND PRO SE) in the above captioned cause, and hereby moves this Honorable Court to issue an Order granting the foregoing requested relief to vacate or set aside the unconstitutional expired plea agreement/conviction in Case No.[CC-91-0398.60].

The petitioner, ALFONSO NORMAN,PRO SE interposing (<u>HAINES vs. KERNER</u>,404 U.S. 519,520--per curiam--<u>1972</u>), notice is hereby given that the petitioner, ALFONSO NORMAN, is PRO SE in the above case to the UNITED STATES DISTRICT COURT, FOR THE MIDDLE DISTRICT ALABAMA,NORTHERN DIVISION.

It is petitioner's contention that the recoed and facts of this cause, show by a clear and convincing standards of proof that petitioner's plea conviction in sentencing case no.[CC-91-0398.60], was adminstered in violation of the Due Process Clause of the United States Constitution.

1.

Petitioner further contends that said "PLEA" was not accepted in accordance with the State of Alabama Code and Statutes being **(13.2 (a)(b)--and Ala.Code 1975 15-8-25** in accordance with **Rule 32.1(b)**, nor the mandate requirements of **Boykins vs. Alabama, 395 U.S.238,89 S.CT.1709,23 L.ED.2d 274(1969)**

ACCORDINGLY, the State Court was without jurisdiction to enter judgment in The Aforesaid case, where the petitioner was never informed by the trial judge of his Constitutional rights, as well as the <u>VOID indictment</u>, due to it's failure to allege the essential elements of the offense and this jurisdictional defect cannot be waived by petitioner.

These two (2) issues are brought before this Honorable Court and the petitioner ask respectfully that the Honorable Court adjudicate and grant petitioner relief according to the relief sought in this matter.

### <u>COLLATERAL CONSEQUENCES SUFFERED</u>

Petitioner is presently suffering collateral consequences in the nature of Due Process violation, where the Constitutionally infirm prior State Conviction in question was used to enhance his present sentence.

### <u>JURISDICTION</u>

COURTS HAVE AN OBLIGATION TO SATISFY ITSELF OF JURISDICTION AND CRIMINAL COURTS ARE NOT GENERAL COURTS OF JURISDICTION, SO WHERE JURISDICTION IS STATUTORY AND THE LEGISLATURE REQUIRES THE COURT TO EXERCISE ITS JURISDICTION IN A CERTAIN MANNER, AN ACT OF THE COURT BEYOND THESE LIMITS IS IN EXCESS OF AUTHORITY, ITS JUDGMENT IS VOID AND MAY BE ATTACKED WHENEVER AND WHEREVER. BROUGHT PURSUANT TO THE ALL-WRIT ACT OF 28 U.S.C. 1651.

## STATEMENT OF CASE/FACTS (HISTORY)

In February of 1991, Petitioner was indicted by the Montgomery County Grand Jury for possession of a Controlled Substance. In May of that year, the Petitioner pled guilty before the Honorable Eugene W. Reese. At the sentencing hearing conducted on June 4,1991, petitioner received a five-year sentence, (split to serve two years and was ordered to complete boot camp).Petitioner later filed a habeas corpus petition, which was denied on or about June 26,2006 by the Honorable Judge T.McCooey. Petitioner afterward filed a Rule 32 petition alleging the same violations and was denied. Petitioner went on to exhaust all remedies in State Court and now, petitioner bring this motion of 2254.

## SUMMARY OF ISSUES

(1) WHETHER MR.NORMAN INDICTMENT OF UNLAWFUL POSSESSION OF A CONTROLLED SUBSTANCE WAS (VOID) FOR FAILING TO INCLUDE ANY OF THE ELEMENTS OF THE CRIME OF UNLAWFUL POSSESSION OF A CONTROLLED SUBSTANCE SPECIFICALLY (1) <u>ACTUAL OR POTENTIAL PHYSICAL CONTROL</u> (2) <u>INTENTION TO EXERCISE DOMINION</u> (3) <u>EXTERNAL MANIFESTATION OF INTENT AND CONTROL</u>

(2) WHETHER MR.NORMAN FIFTH AMENDMENT RIGHT UNDER THE CONSTITUTION WAS VIOLATED:

(a) Mr.Norman was never apprised of the elements of the offense

(b) the plea was unknowingly, unintelligent, and involuntary made

(c) the court abused its decretion when it upheld a judgment contray to Rule 32.1(b), as well as Ala.R.CRIM.P. 13.2 and Ala.Code 1975 15-8-25

(d) The judgment in this case was entirely in violation of due process and therefore **VOID**

(e) the court did not have jurisdiction to accept this guilty plea or impose the sentence on the terms of the void indictment or not apprising the petitioner on the elements of the offense

(f) the contract was/is VOID

## ARGUMENT

I.

Petitioner avers that his due process rights were violated according to his State and Federal Constitution rights under the Fifth and Sixth Amendment of the Constitution. According to Ala.R.CRIM.P. and Ala.CODE, Rule 13.2(a)&(b), as well as Code 1975 15-8-25 in accordance with Rule 32.1(b), the trial court lacked jurisdiction to accept petitioner's guilty plea. (SEE ATTACHED FOR STATUTES).

"AN INDICTMENT MUST STATE THE FACTS CONSTITUTING THE OFFENSE IN ORDINARY AND CONCISE LANGUAGE, WITHOUT PROLIXITY OR REPETITION IN SUCH A MANNER AS TO ENABLE A PERSON OF COMMON UNDERSTANDING TO KNOW WHAT IS INTENDED AND WITH THE DEGREE OF CERTAINTY WHICH WILL ENABLE THE COURT, ON CONVICTION, TO PRONOUNCE THE PROPER JUDGMENT." SEE U.S. vs. GOLD, 743 F.2d 800 (11th Cir.1984),

[If an indictment fails to allege an offense, the defendant may challenge it even after he has completed serving the sentence].

SEE ALSO UNITED STATES vs. PETERS 310F.3d 709 (11th Cir.2002)

"If the indictment tracks the language of a statute it will be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, common under the general description, with which is charged, additionally, when the indictment uses generic terms it must state the offense with particularity"..

4.

SEE ALSO **UNITED STATES vs. BOBO,344 F.2d 1076,1083** (11th Cir.2003) holding that health care fraud indictment was deficient, because it failed to adequately allege factual basis of charge. If a statute omits an essential element of an offense, or includes it only by implication, then pleading the statutory language will not suffice, and the omitted elements must be alleged directly and with certainty. SEE ALSO **UNITED STATES vs. SISSON,399 U.S. 267** (1970), and **HAMLIN vs. UNITED STATES,418 U.S.877,94 S.CT.2887,41 L.ED.2d 590** (1974),stating that an indictment must **[FULLY, DIRECTLY, AND EXPRESSLY, WITHOUT ANY UNCERTAINTY OR AMBIGUITY SET FORTH ALL THE ELEMENTS NECESSARY TO CONSTITUTE THE OFFENSE INTENDED TO BE PUNISHED]**, quoting UNITED STATES vs. CARROLL 105 U.S. 611,26 L.ED. (1881).

Petitioner avers that,**contrary to [LAW]** the petitioner's indictment only allege a statute with "NO ELEMENTS" to clarify an alleged offense. Petitioner's indictment should have alleged the facts constituting the offense in an ordinary and concise language, without prolixity or repetition, so that not only the courts, but petitioner as well as a later court may determine, **[what or how petitioner was convicted of such offense]**.

In the Federal Courts setting, the approach in U.S. vs. TAYLOR,475 U.S. 595 (1990) is used by a (CATEGORICAL APPROACH), by looking at a defendants**[prior predicate offense] that has come from a reliable source**, the documents looked upon are the prior indictments, plea agreements, plea collugies, and judgment papers, but here the indictment is (ABSTRACT) and a later cannot dtermine, what element petitioner was convicted of.

Petitioner avers that, the defect in this indictment, not only violated the State own precedent, but that it was/is void on the face of the record, because:

(a) It did not allege an actual or potential physical control,

(b) there was no intention to exercise dominion

(c) there was alleged no external manifestation of intent and/or control

"The indictment was therefore VOID due to its failure to allege any of these essential elements of the said offense and this jurisdiction defect,[WHICH CANNOT BE WAIVED], nor can it be barred, because an indictment must contain every element of the charged offense to pass constitutional muster".. SEE UNITED STATES vs. FERN, 155 F.3d 1318 (11th Cir.1998), see also UNITED STATES vs. STEVENS, 784 F.2d 1093 (11th Cir.1996).
Jurisdiction is brought to a court by way of a **complaint, information or indictment,** [if these instruments fail to charge a crime there can be no subject-matter jurisdiction], because the allegations in the indictment determines the jurisdiction of the court.

"Where an indictment charges no crime, the court lacks jurisdiction to try the accused and a motion to quash the indictment is always timely".. Without a formal and[sufficient]indictment, a court does not acquire subject-matter jurisdiction and thus, an accused may not be punished for a crime.

As in the instant case, the petitioner's indictment did not allege any elements at all and therefore, the indictment is void and renders all proceedings prior to the filing of a proper instrument void ab initio.

6.

The petitioner avers that, a reviewing court is required to review the indictment as well as the subject-matter jurisdiction, even where it was not raised below in order to avoid unwarranted exercise of judicial authority, because there is nothing that one can do or fail to do, that would cause the issue of the subject-matter jurisdiction to be losted.

The indictment in this instant case was invalid, because it was not constructed in the particular mode or form prescribed by the Constitution or statute. SEE (42 C.J.S. INDICTMENTS AND INFORMATIONS, AS WELL AS ALA.R.CRIM.P. AND CODE, RULE 32.1 (b) AND RULE 13.2 (a) & (b), therefore the charging document is void, as well as the subject-matter jurisdiction), because the allegations in the indictment is what gives a court jurisdiction.

Thus, the petitioner **avers that, to allow this (VOID)** indictment to stand would give Respondent a gateway to unfairly charges others with only a statute and not properly ascertain the elements of what the accused is actually charged with, which under the Constitution and well traditional law is contrary to **"NOTICE"** as well as what the law states. The petitioner avers that the indictment in this case was void and didn't qualify under the **CONSTITUTION, STATUTE, OR THE LAW** and therefore was **VOID.**

7.

## ARGUMENT

II.

Petitioner avers that, the court violated his Fifth amendment right to the United States Constitution, as well as Rule 32.1 (b), and Rule 14.4 (a)(1)(i), and 14.4(b). The petitioner contends that, this judgment was not only tainted by the void indictment, but the court did not have jurisdiction to enter the judgment in this case, because the court failed to comply with the strict requirements of <u>**BOYKINS vs. ALABAMA, 395 U.S. 238, S.CT.1709, 23 L.ED.274 (1969),**</u> therefore, the trial court lacked jurisdiction to impose the sentence handed down in case no. <u>**CC91-398.60**</u>.

In **BOYKINS,** The United States Supreme Court wrote in unequivocal language: "Several Constitutional Rights are involved in a waiver that takes when a plea of guilty is entered in a State criminal trial. First, is the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment and applicable to the states by reason of the Fourteenth Amendment. <u>SEE MALLORY vs. HOGAN, 378 U.S. 1 (1964)</u>  Second, is the right to trial by a jury. <u>SEE DUNCAN vs. LOUISANA, 391 U.S. 145 (1968)</u>  Third, is the right to confront one's accuser's. <u>SEE POINTER vs. TEXAS 380 U.S. 400 (1965).</u>

<u>[ONE CANNOT PRESUME A WAIVER OF THESE THREE (3) IMPORTANT FEDERAL RIGHTS FROM A SILENT RECORD]</u>

Consequently, the transcribed record in this pleading is silent on the trial court admonishing petitioner NORMAN of his substantial rights.

In the Federal regime there is Rule 11 of the Federal Rules of Criminal Procedure which govern the duties of the trial judge before accepting a guilty plea. **SEE McCARTHY vs. UNITED STATES, 394 U.S. 459** (1969), the court said in that case, "**A defendant who enters such a plea simultaneously waives several constitutional rights including his privileges to a trial by jury, right to face one's accusers, and a right not to inclination one's self**".. For this waiver to be valid under the Due Process Clause, it must be an intentional relinquished or abandonment of a known right or privilege. **SEE JOHNSON vs. ZERBST, 304 U.S. 458, 464 (1938)** [CONSEQUENTLY], if a defendant's guilty plea is not voluntary and knowing, it has been obtained in violation of due process and is therefore **VOID**. Moreover, because a guilty plea is an admisssion of all the **"ELEMENTS"** of a formal criminal charge it cannot be truly voluntary unless the defendant possess an understanding of the law in relation to the facts, (BUT) in this instant case, there were[no elements] in the indictment, **so the indictment was void and the indictment thereby being void, an agreement to plea guilty could not have been knowing, intelligent, and voluntary.** Id. (emphasis added).

There are no short-cuts around a trial judge's failure to pose the **BOYKIN** questions, but how can a petitioner plea guilty to the "elements" of an indictment, when there is no elements in the indictment ??? The indictment was void and the court did not have jurisdiction to accept the plea or impose said sentence.

9.

The guilty plea must confess some punishable offense to form the basis of a sentence, so the effect of a guilty plea is a record admission of whatever is well alleged in the indictment, but if the latter (which is the indictment) is insufficent[as in the instant case], which doesn't allege any elements, "then the plea confesses nothing"...

In the instant case, petitioner NORMAN does not recall and the record does not show at any point in the plea proceeding, where the trial court did advise him of the nature of the offense or the elements of the said offense, as well as the maximum sentence to be imposed. The record does not even show that petitioner NORMAN made this plea voluntarily with the understanding of the law in relation to the facts that petitioner NORMAN was not(coerced or threatened, etc)...

Most importantly, there was no procedural dialgue nor does the record reflect that petitioner NORMAN was advised of his UNITED STATES CONSTITUTIONAL RIGHTS to confront his accusers, that he had a right to trial by jury, or a right not to self-incriminate himself as mandated by the United States Supreme Court in **BOYKINS**. Petitioner NORMAN was not even advised, by entering said plea that he was waiving those rights. Considering the record as a whole, the void indictment, as well as the guilty plea entered and complained of herein is unconstitutional and the aforesaid plea must be rendered void.

Nevertheless, when a defendant is permitted to enter a guilty plea he in fact admits to all the "ELEMENTS" of the charged crime when he enters a plea of guilty, SEE UNITED STATES vs. BROCE 488 U.S. 563,570 (1990), but in the instant case the indictment did not state any "ELEMENTS" so petitioner could have made a knowingly and intelligently plea, as well as the plea being voluntary, because the indictment itself was VOID.

In McCarthy vs. UNITED STATES 394 U.S. 459,466 (1969), the court stated, when a defendant waives several UNITED STATES CONSTITUTIONAL RIGHTS by pleading guilty, the plea must be entered into (KNOWINGLY, INTELLIGENTLY, AND VOLUNTARY).
A court must personally "question the defendant to confirm that he possess the requisite understanding "to" what is actually taking place in the courtroom. (EMPHASIS ADDED).
Therfore, petitioner NORMAN is being held in violation of his constitution rights to "DUE PROCESS" of the law based on the 1991 guilty plea which is constitutionally invalid in the light of BOYKINS.

In BOYKINS, however, the United States Supreme Court did not hold that a pleading defendant must be advised on the record of each and every one of the rights which are waived by a guilty plea. Instead, the court requirement is limited to three (3) important rights. Id. at.243 (AGAIN), those three (3) rights are Fifth Amendment privileges against:

11.

Fifth Amendment privilege against self-incrimination, which is applicable in State proceedings through the "[D]ue Process Clause of the Fourteenth Amendment", the right to stand trial by jury, and the right to confront one's accuser, both of which is mandated by the Sixth Amendment.

It is petitioner NORMAN further contention that failure of the Honorable Court to inquire into [not only] the defendant's understanding of the charge, the proceeding and the rights to be foregone, but also that it do so showing[The utmost solicitude of which (the court is) capable convassing the matter with the accused to make sure he has a full understanding of what the plea cannote in consequences. SEE BOYKINS, at 243-44. Furthermore, it was the trial judge's[duty] to pose questions and assure himself on the record that petitioner was fully aware of the proceedings. SEE SUPREME COURT RULE 33.7 .

### THE GUILTY PLEA WAS NOT KNOWINGLY, INTELLIGENT, AND VOLUNTARILY MADE:

because a defendant waives many constitutional rights by pleading guilty. The plea must be entered voluntarily, knowingly, and intelligently. SEE BOYKINS vs. Alabama, 395 U.S. 238 (1969), PARKER vs. RALEY, 506 U.s. 20,113 S.CT. 517,121 L.ED. 2d 391(1992) U.S. vs. CHUBBUCK,252 F.3d 1300(11th Cir.2001): To be a valid guilty plea (1) must be free from cocerion (2) The defendant must understand the nature of the charge and (3) The defendant must know and understand the consequences of his guilty plea **SEE UNITED STATES vs. JONES, 143 F.3d 1417 (11th Cir.1998)**

In implementing these constitutional mandates the court rules must be followed by State court:

(1) <u>Determining Voluntariness of plea</u>

> "THE JUDGE SHALL NOT ACCEPT A PLEA OF GUILTY OR NOLO CONTENDERE WITHOUT FIRST DETERMINING ON THE RECORD THAT THE PLEA IS VOLUNTARILY, BY INQUIRING OF THE PROSEUTING ATTORNEY AND DENSE COUNSEL, THE JUDGE SHOULD DETERMINE WHETHER THE TENDERED PLEA IS THE RESULT OF PRIOR PLEA DISCUSSION AND A PLEA AGREEMENT HAS BEEN REACHED. IF THE PROSEUTING ATTORNEY HAS AGREED TO SEEK CHARGE OR LENIEENCEY, WHICH MUST BE APPROVED BY THE JUDGE, THE JUDGE MUST ADVISE THE DEFENDANT PERSONALLY THAT THE "RECOMMENDATION OF THE PROSEUTING ATTORNEY ARE NOT BINDING ON THE COURT. THE COURT SHOULD THEN ADDRESS THE DEFENDANT PERSONALLY AND DETERMINE WHETHER ANY OTHER ANY OTHER PROMISES OR ANY FORCE WERE USED TO OBTAIN THE PLEA"..

(2) Defendant to be informed, provides that:

> "The Judge should not accept a plea of guilty or nolo contendere from a defendant without first:

(A) Determining on the record that the defendant understands the nature of the charge
(B) Informing the defendant on the record that by entering a plea of guilty of nolo contendere one waives:

   (1) RIGHT TO TRIAL
   (2) THE PRESUMPTION OF INNOCENCE
   (3) THE RIGHT TO CONFRONT ONE'S ACCUSER
   (4) THE RIGHT TO SUBPOENA WITNESSES
   (5) THE RIGHT TO TESTIFY AND TO OFFER OTHER EVIDENCE
   (6) THE RIGHT TO HAVE ASSISTANCE OF COUNSEL
   (7) THE RIGHT NOT TO INCRIMINATE ONESELF AND THAT BY PLEADING NOT GUILTY OR REMAINING SILENT AND NOT ENTERING A PLEA, ONE OBTAINS A JURY TRIAL AND

(C) <u>INFORMING THE DEFENDANT ON THE RECORD</u>,

   (1) The terms of any negotiated plea,
   (2) The maximum possible sentence on the charge including that possible from consecutive sentences were provided by law and or
   (3) Of any mandatory minimum sentence, if any on the offense

(3) Determining the accuracy of the plea, provides that;
"NOTWITHSTANDING THE ACCEPTANCE OF A PLEA OF GUILTY, JUDGMENT SHOULD NOT BE ENTERED UPON SUCH PLEA WITHOUT INQUIRY THAT THERE IS A FACTUAL BASIS FOR THE PLEA"

(4) <u>Record of Proceeding, provides that</u>;

"Averbatim record of the proceedings at which a defendant enters a plea of guilty or nolo contendere shall be made and preserved. The record shall include:
(A) THE INQUIRY INTO THE VOLUNTARINESS OF THE PLEA
(B) THE ADVICE TO THE DEFENDANT
(C) THE INQUIRY INTO THE ACCURACY OF THE PLEA, AND IF APPLICABLE
(D) THE NOTICE TO THE DEFENDANT THAT THE TRIAL COURT INTENDS TO REJECT THE PLEA AGREEMENT AND THE DEFENDANTS RIGHT TO WITHDRAW THE GUILTY PLEA BEFORE SENTENCE IS PRONOUNCED

(4) <u>PLEA WITHDRAWL.</u>

(A) After sentence is pronounced, the judge should allow the defendant to withdraw a plea of guyilty or no contendere whenever the defendant, upon a timely motion for withdrawl, provides that withdrawl is necessary to correct a manifest injustice
(B) In the absence of a showing that withdrawl is necessary to correct a manifest injustice a defendant may not withdraw a plea of guilty or nolo contendere as a matter of right once sentence has been pronounced by the Judge.

In the instant case at bar, petitioner NORMAN ASSERTS THAT, the procedures as set forth were not fully complied as established by Law.

Petitioner did not understand the nature of the charged offense especially since the indictment itself did not allege any elements, [DUE PROCESS] requires that a defendant receive a description of the "CRITICAL ELEMENTS" of the offense, because such elements define the requisite intent, prior to tendering a plea, SEE <u>HENDERSON vs. MORGAN, 426 U.S. at 645,47,96 S.CT. AT2258-59</u> nor did petitioner understand the constitutional rights that he was forfeiting as required by **BOYKINS**, as well as his other BOYKINS RIGHTS.

14.

## CONCLUSION

It is generally sufficient that an indictment set forth an offense in the words of the statute itself, as long as those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished. Here in the instant case, there were no elements alleged in the indictment and therefore, the petitioner, who is not trained, skilled, or educated in the law as an attorney; did not understand the lack of elements or the lack of NOTICE, to fully understand that the indictment itself was a nullity and void. The indictment itself was the foundation of the case and it being thereby void, petitioner could'nt have made a knowingly, intelligent, and voluntarily plea.(SEE HAMLING vs.UNITED STATES) Petitioner asserts that, the court did not have jurisdiction to accept said guilty plea or impose said sentence in this instant case and the relief sought in this matter is the Honorable Court in its wisdom, traditionally frame of fairness not to cause an injustice **void this** said conviction from the petitioner record and/or within the alternative, give any other relief along with that the petitioner has asked for.

RESPECTFULLY SUBMITTED,

*Alfonso Norman*

ALFONSO NORMAN
F.C.I MEMPHIS
P.O. BOX 34550
MEMPHIS, TN. 38134-0550

"HAMLING vs. UNITED STATES,418 US 87,41 L.ED. 2d 590,94 S.CT.2887"

28

GJ NO. 232

THE STATE OF ALABAMA

v.

ALFONSO NORMAN, alias

b/m, 7/23/72, 3773 Riviara Rd.

SID NO. _____ ARREST DATE 12/03/90

FOR

POSSESSION/RECEIPT OF CONTROLLED SUBSTANCE

A TRUE BILL

_____
Foreperson of Grand Jury

No Prosecutor

BAIL IN THIS CASE IS FIXED AT

$ 2,000.00

_____
Judge of Circuit Court of Montgomery County

Presented in open Court by the Foreperson of the Montgomery County Grand Jury in the presence of _____ other members of the Grand Jury and filed this _____ day of _____, 19___.

_____
Clerk of the Circuit Court of Montgomery County

**WITNESSES**
D.L. Whittle, MPD
G.L. Graves, MPD
W.E. Gorden, MPD
A. Mitchell, FDS
Allen Chapell, 4317 Radburn Rd.
Rodney LaSalle Harris, 809 Burbank Dr.
Deneco Eric Nettles, 1306 Jordan ST.
Haywood Norman, 3773 Riveria Rd.

EXHIBIT A SECOND-PART

EXHIBIT A

29

# THE STATE OF ALABAMA

## MONTGOMERY COUNTY

uit Court of Montgomery County, _____ February _____ Term. A. D. 19 91

The Grand Jury of said County charge that before the finding of this indictment,

ALFONSO NORMAN, alias
AL NORMAN,

whose name is otherwise unknown to the Grand Jury, did unlawfully and willfully possess COCAINE, a controlled substance, in violation of Section 13A-12-212 of the Code of Alabama,

it the peace and dignity of the State of Alabama.

*[signature: Chark A. Graddick]*
District Attorney, Fifteenth Judicial Circuit of Alabama



EXHIBIT B

| State of Alabama Unified Judicial System  Form C-... | EXPLANATION OF RIGHTS AND PLEA OF GUILT (AFTER INDICTMENT) | Case Number CC. 91-398-A |

IN THE __Circuit__ COURT OF __Montgomery__ COUNTY

STATE OF ALABAMA v. __Alfonzo Norman__

**TO THE ABOVE NAMED DEFENDANT:**

This is to inform you of your rights as a defendant in this criminal case. Under the indictment returned against you in this case by the Grand Jury of this county, you are charged with the crime of __Possession of Cocaine__ which is a Class __C__ Felony. In the event you plead guilty to said crime, or if the jury finds that you are guilty of said crime, the law provides for punishment by imprisonment in the penitentiary for not less than __1__ nor more than __10__ for such offense and by imposition of a fine not to exceed $ __5,000__. Provided further that at a sentencing hearing should the State of Alabama prove to this Court that prior to committing this offense, you have previously been convicted of any one (1) felony, then the said imprisonment term must be for not less than _____ nor more than _____, and a fine not to exceed $ _____. Likewise, if the State proves you have been so convicted of any two (2) prior felonies, then the said imprisonment term must be for not less than _____ nor more than _____ and a fine not to exceed $ _____. And, if the State proves that you have been so convicted of any three (3) prior felonies, then the said imprisonment must be for not less than _____ nor more than _____, and a fine not to exceed $ _____.

Further, you may be ordered to pay restitution in an amount determined by the court, for the use and benefit of the victim of your criminal offense.

In accordance with §15-23-17, Code of Alabama 1975, you shall be ordered to pay a victim compensation assessment of not less than $25.00 nor more than $10,000.

IN ENTERING A PLEA OF GUILTY IN THIS COURT, YOU ARE WAIVING A TRIAL BY JURY AND THE FOLLOWING RIGHTS TO WHICH YOU ARE ENTITLED AT SUCH A JURY TRIAL:

Under the Constitution of the United States and of the State of Alabama, you have a right or privilege not to be compelled to give evidence against yourself. In the trial of your case before the jury, you have the right to take the witness stand and to testify on your own behalf, if you so desire, but no one can require you to so testify. If you testify, you can be cross-examined by the State. If you do not testify, no one can even comment to the jury as to your failure to testify. You have the right to remain absolutely silent, but anything that you voluntarily say, with knowledge of your rights, may be used against you. Your conversations with your attorney are confidential and cannot, and will not, be disclosed by your attorney.

You have the right to stand on your plea of not guilty, and the right to a public trial before a duly selected jury. In a jury trial, the jury would determine whether you are guilty or whether you are innocent, based upon the evidence in the case.

In the trial of your case, your attorney could subpoena witnesses on your behalf, make legal objections to matters that he felt were objectionable, cross-examine the witnesses of the State, examine your own witnesses, and argue the matter before the jury. He would be bound to do everything that he could honorably and reasonably do to see that you obtain a fair and impartial trial. You have the right to have witnesses subpoenaed to testify as to pertinent facts in your favor.

In the trial of your case, you will come into court clothed with a presumption that you are not guilty and this presumption of innocence will follow you throughout the course of the trial until the evidence produced by the State convinces each juror, beyond a reasonable doubt of your guilt. The burden of proof is upon the State of Alabama to convince each and every juror, from the evidence in the case, that you are guilty beyond a reasonable doubt before the jury would be authorized to find you guilty. If the State does not meet such burden of proof, it will be the jury's duty to find you not guilty. You will have no burden of proof whatsoever in your trial.

To the charges set forth in the indictment, you have the right to enter a plea of guilty, not guilty, not guilty by reason of mental disease or defect, and not guilty and not guilty by reason of mental disease or defect. You will enter a plea of guilty only if you are actually guilty of said crime and if you do not desire a jury trial. IF YOU PLEAD GUILTY, THERE WILL BE NO JURY TRIAL, AS HAS BEEN HERETOFORE EXPLAINED TO YOU.

Your attorney will go over these rights with you, but if you have any questions about any of them, please ask the undersigned judge and he will make further explanation thereof to you.

DATE __5/21/91__                                    [signature]

[RECEIVED stamp: MAY 24 1991]

Comes the defendant in the above-styled cause and states to the Court that he has read, or has had read to him, the matters and things hereinabove set forth; that his attorney has thoroughly gone over said matters and things with him and that he, the defendant, thoroughly understands them; that he is not under the influence of any drugs, medicines or alcoholic beverages and has not been threatened or abused or _____ induced to get him to plead guilty. Defendant further states to the Court that he is _____ desires to plead guilty.

DATE __5-21-91__                    DEFENDANT X __Alfonzo Norman__

_____ for the above-styled defendant and certifies that the above and foregoing rights were read by the defendant in my presence, or were read to him by me, that I discussed such rights with the defendant, in detail, and that a written copy of the above rights was given to the defendant or his attorney. Having gone over his rights with the defendant, in my judgment, the defendant understands his rights.

DATE __5-21-91__                    ATTORNEY __Benje W. Sanford, Sr.__

Filed in Office This Date: _____    Clerk _____    By _____

COURT RECORD (Original)    DEFENDANT (Copy)    ATTORNEY (Copy)

RULE 32 PETITION EXHIBIT-C2

**EXHIBIT-C**

16

cannot waive the absence of an indictment, except under the terms of Amendment 37 and § 15-15-20 (Kennedy v. State, 39 Ala. App. 676, 107 So. 2d 913 (1958)). In support of its holding the Court said that "the constitutional requisition of indictments generally in all cases of felony is not one conferring a mere personal privilege upon an accused person, but is so imbued with that public concern for due and proper administration of the law that no individual may waive it." 39 Ala. App. 676, 690, 107 So. 2d 913, 926 (1958).

The use of an information in Alabama (except in impeachment proceedings) is set out in Rule 2.2(e).

### CASE NOTES

**Complaint.**
Cited.

**Complaint.**
The amendability of complaints has been governed, since March 1, 1983, by Rule 13.5, A.R.Cr.P. The rule, by its plain language, applies to all "charges." A complaint is a "charge," pursuant to Rule 13.1(c), A.R.Cr.P. The rule, therefore, makes complaints, like indictments, absolutely non-amendable without the consent of the defendant. Mason v. Vestavia Hills, 518 So. 2d 221, 1987 Ala. Crim. App. LEXIS 5188 (Ala. Crim. App. 1987).

Uniform traffic ticket and complaint is a "complaint" and cannot be amended by a prosecutor's complaint without defendant's consent. Vance v. Hoover, 565 So. 2d 1251, 1990 Ala. Crim. App. LEXIS 156 (Ala. Crim. App. 1990).

Cited in Garrison v. State, 521 So. 2d 997, 1986 Ala. Crim. App. LEXIS 6054 (Ala. Crim. App. 1986); Atmore v. State, 544 So. 2d 979, 1989 Ala. Crim. App. LEXIS 216 (Ala. Crim. App. 1989); Cone v. City of Midfield, 561 So. 2d 1126, 1990 Ala. Crim. App. LEXIS 186 (Ala. Crim. App. 1990); Ex parte Bozeman, 781 So. 2d 165, 2000 Ala. LEXIS 163 (Ala. 2000).

### Rule 13.2. Nature and contents of indictment or information.

(a) IN GENERAL. The indictment or information shall be a plain, concise statement of the charge in ordinary language sufficiently definite to inform a defendant of common understanding of the offense charged and with that degree of certainty which will enable the court, upon conviction, to pronounce the proper judgment.

(b) CHARGING THE OFFENSE. The indictment or information shall state for each separate offense, other than lesser included offenses, the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated.

(c) NOTICE OF NECESSARILY INCLUDED OFFENSES. Specification of an offense in an indictment or information shall constitute a charge of that offense and of all lesser offenses necessarily included therein.

(d) UNNECESSARY ALLEGATIONS. An indictment or information which is in conformity with sections (a) and (b) shall be sufficient. The indictment or information need not contain a formal commencement, a formal conclusion, or any other matter not necessary to the statement of facts, nor need it negative any defense or affirmative defense contained in any statute creating or defining the offense charged. Presumptions of law and matters of which judicial notice is taken need not be stated. It is not necessary to state the precise time or date at which or on which the offense is alleged to have been committed, or the place where the offense is alleged to have been committed unless the time or place is a material element of the offense. Unnecessary allegations may be disregarded as surplusage, and, on motion of the defendant, shall be stricken by the court if prejudicial or prolix.

(e) MOTION FOR MORE DEFINITE STATEMENT. A motion for more definite statement may be made at any time prior to entry of the defendant's plea, which motion shall be granted for good cause shown. A statement filed in compliance with a

RULE

**EXHIBIT D**

ALABAMA JUDICIAL INFORMATION CENTER

CASE ACTION SUMMARY
CIRCUIT CRIMINAL                CASE: CC 91 000398 00

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY          JUDGE: EWR

STATE OF ALABAMA                    VS    NORMAN ALFONSO
                                          3773 RIVIERA RD
                                          MONTGOMERY AL

CHARGE: POSS/REC SUBST   TYPE: F          DATE WAR/CAP ISSUED: __/__/__
GENERAL: UNLAW POSS/REC CONTROL SUB       DATE ARRESTED: 12/03/90
DEFENDANT STATUS: BOND                    DATE HEARING: __/__/__
DEFENSE ATTORNEY: CAMERON, GEORGE W       DATE RELEASED: __/__/__
PROSECUTOR: HARRIS, TERESA CAMILLE        DATE ARRAIGNED: 02/20/91
OFFICER:              COUNSEL: A          DATE TRIAL: _____  TIME:
DATE OF BIRTH: 07/23/72                   BOND/TYPE SURETIES: INDV
RACE: B               SEX: M              BOND AMOUNT: $2000.00
ALIAS NAME: _____                     DATE INDICTED: 02/13/91
AGENCY:                                   DATE FILED: 02/14/91
CASE NUMBER: 0    0  0                    WORTHLESS CHECK NO:
GRAND JURY NUMBER: 232                    COURT REPORTER:
ADDITIONAL INFORMATION AND REMARKS:       SID NO:

DATE    ACTIONS, JUDGMENTS, CASE NOTES

2-20-91  Application for YOA filed
         YOA _____ Denied

2-21-91  [Defendant] comes before the Court with attorney of record. The Court on the record, fully explained to Defendant all Constitutional rights. The Court is convinced that Defendant comes into the Court voluntarily and understands all Constitutional rights. Exhibit A is signed by Defendant and the record affirmatively shows colloquy between the Judge and Defendant as to Defendant's full and complete understanding as to Constitutional rights and as to all of the [rights] that a guilty plea effects and the consequences thereof. Upon the conclusion of said colloquy the Court accepts the guilty plea and finds the Defendant guilty of:
         Possession Cocaine
         and orders a judgment of guilt
         Sentencing date is: 6-11-91 8:15

         Sentencing held this date. A pre-sentence report was
         considered by the Court.
         Court having asked the defendant if he had anything to
         say as to why sentence of law should not now be pronounced
         upon him, and the Defendant having nothing to say, the Court
         sentence the defendant to 5 years to the Dept. of
         Corrections, SUSPENDED, pursuant to the split sentence act.
         Defendant is ordered to serve 2 years at DOC. The Court
         ordered defendant to Boot Camp at the Dept. of Corrections

RULE 32 PETITION EXHIBIT C