## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| ALPHONSO NORMAN, | ) | |
| (AKA: ALFONSO NORMAN), | ) | |
| Petitioner, | ) | |
| | ) | CIVIL ACTION NO. |
| vs. | ) | 2:08-cv229-WKW |
| | ) | |
| STATE OF ALABAMA, | ) | |
| and the ALABAMA | ) | |
| ATTORNEY GENERAL, | ) | |
| | ) | |
| Respondents. | ) | |

### ANSWER

Come now Respondents, by and through the Alabama Attorney General, following this Court's order entered April 1, 2008, and answer Norman's instant §2254 petition as follows:

1. Respondents admit Norman was convicted in the Montgomery County, Alabama, Circuit Court upon his guilty plea on June 4, 1991, of one count of unlawful possession of cocaine and was sentenced to five years in the penitentiary, split to serve two years and boot camp.

2. Respondents aver the instant petition is barred by the one-year period of limitation of 28 U.S.C. §2244(d).

3. Respondents deny Norman is entitled to any of the relief he has requested.

## PROCEDURAL HISTORY

4.  On May 21, 1991, Norman was convicted upon his guilty plea of unlawful possession of cocaine. (Exhibit A, p. 19)  He was sentenced on June 4, 1991, to five years in the penitentiary. (Exhibit A, p. 19)  That sentence was split to serve two years and boot camp. (Exhibit A, p. 19)  No direct appeal was taken. (Exhibit A, pp. 4. 19)

5.  On or about June 20, 2006, Norman filed a state habeas corpus petition challenging his 1991 cocaine possession conviction. (Exhibit A, pp. 5, 6)  On June 28, 2006, the trial court summarily denied that petition. (Exhibit A, p. 6)  No appeal was taken from that summary denial. (Exhibit A, p. 8)

On or about December 4, 2006, Norman filed a second post-conviction petition (Rule 32), challenging his cocaine possession conviction. (Exhibit, pp. 4-20)  This petition was summarily denied on March 1, 2007. (Exhibit A, pp. 31, 32)  Norman appealed and briefs were filed. (Exhibits B and C)  On August 24, 2007, the Alabama Court of Criminal Appeals affirmed by memorandum. (Exhibit D)  Norman's application for rehearing was overruled on September 14, 2007. (Exhibit E)  His petition for writ of certiorari was denied on November 9, 2007 (Exhibit F)  The certificate of judgment was issued on that same date. (Exhibit F)

Norman filed his instant §2254 petition on or about March 15, 2008, and alleged that his indictment was void and his guilty plea was involuntary.  These

2

issues were raised in his Rule 32 proceedings in the state courts and are exhausted. The §2254 petition, however, is barred by the one-year period of limitation of 28 U.S.C. §2244(d).

**One-Year Period of Limitation Under
28 U.S.C. §2244(d)**

6.  Norman's petition is barred by the one-year period of limitation of 28 U.S.C. §2244(d). Because Norman's time for taking a direct appeal ended in 1991, before the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat 1214 (1996) codified in pertinent part at 28 U.S.C. §2244(d), the one-year period of limitation applicable to Norman's case should run from April 24, 1996, through April 23, 1997. This one-year "grace period" was adopted by numerous courts for those petitioners whose convictions became final before the enactment of the AEDPA to avoid impermissible retroactive application of the law to their cases. See Goodman v. United States, 151 F.3d 1335 (11th Cir. 1998); Wilcox v. Florida Department of Corrections, 158 F.3d 1209 (11th Cir. 1998).

Norman's instant petition was filed no earlier than March 15, 2008, which was almost eleven years after the expiration of the grace period. Although, under 28 U.S.C. §2244(d)(2), the legislatively-created one-year period of limitation may

be tolled for "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending…," Norman failed to "properly file" a Rule 32 petition or request for other collateral review, during the applicable one-year period.  Norman did file two post-conviction petitions challenging his 1991 conviction, but they were both filed in 2006.  (Exhibit A, pp. 5, 6, 4-20)  At that time, there was no applicable period to toll.  See Webster v. Moore, 199 F.2d 1256, 1257 (11th Cir. 2000).  The one-year grace period was not tolled, and it expired almost eleven years before Norman filed his instant §2254 petition.

WHEREFORE, THE PREMISES CONSIDERED, Respondents pray for the dismissal of the instant §2254 petition and/or its denial for the reasons stated.

Respectfully submitted,

Troy King (KIN047)
*Attorney General*


/s/J. Thomas Leverette
J. Thomas Leverette (LEV007)
*Assistant Attorney General*

## CERTIFICATE OF SERVICE

I hereby certify on this <u>13th</u> day of May, 2008, I electronically filed the

foregoing Answer (including exhibits) with the Clerk of the Court using the

CM/EDF system and I hereby certify that I have mailed by United States Postal

Service and Answer (including exhibits) on the following non-CM/ECF

participant:  <u>Alfonso Norman, Prison No. 11288-002, F.C.I. Memphis, P. O. Box</u>

<u>3450, Memphis, Tennessee  38134</u>.


/s/J. Thomas Leverette
J. Thomas Leverette (LEV007)
Assistant Attorney General

ADDRESS OF COUNSEL:
Office of the Attorney General
Criminal Appeals Division
11 South Union Street
Montgomery, Alabama  36130-0152
(334) 242-7300
640237/120155-001

COURT OF CRIMINAL APPEALS NO. _____    CR 06-1067

# APPEAL TO ALABAMA COURT OF CRIMINAL APPEALS

**FROM**

**CIRCUIT COURT OF** _____MONTGOMERY_____**COUNTY, ALABAMA**

**CIRCUIT COURT NO** _____CC 91-398.60_____

**CIRCUIT JUDGE** _____EUGENE REESE_____

Type of Conviction/ Order Appealed From: _____

Sentence Imposed: _____RULE 32_____

Defendant Indigent: ☑ YES ☐ NO _____

## ALFONSO NORMAN

**NAME OF APPELLANT**

PROSE  AIS# 11288-002 _____
(Appellant's Attorney)                                    (Telephone No.)

PO BOX 34550 _____
(Address)

MEMPHIS, TN. 38184-0550 _____
(City)                      (State)                      (Zip Code)

**v.**

## STATE OF ALABAMA

**NAME OF APPELLEE**

(State represented by Attorney General)

NOTE: If municipal appeal, indicate above, and enter

name and address of municipal attorney below.

df _____

_____

(For Court of Criminal Appeals Use Only)

EXHIBIT A

## INDEX
## CLERK'S RECORD

CASE ACTION SUMMARY.................................................................... 1-2

RULE 32 PETITION............................................................................. 3-20

ANSWER AND MOTION FOR SUMMARY DISPOSITION................... 21-30

ORDER DISMISSING RULE 32 PETITION......................................... 31-32

NOTICE OF APPEAL......................................................................... 33

CLERK'S NOTICE OF APPEAL.......................................................... 34

CERTIFICATE OF COMPLETION....................................................... 35

```
ACRO370              ALABAMA JUDICIAL INFORMATION SYSTEM    CASE: CC 1991 000398.60
OPER: TOR                    CASE ACTION SUMMARY
PAGE:    1                   CIRCUIT   CRIMINAL                RUN DATE: 12/12/2006
============================================================================================
IN THE CIRCUIT COURT OF MONTGOMERY                                          JUDGE: EWR

STATE  OF  ALABAMA                  VS        NORMAN ALFONSO
                                              FEDERAL CORR.INSTITUTE
CASE: CC 1991 000398.60                       P.O. BOX 34550
                                              MEMPHIS, TN  38184 0000

DOB: 07/23/1972          SEX: M   RACE: B  HT: 6 00  WT: 155   HR: BLK EYES:
SSN: 419986948  ALIAS NAMES:
============================================================================================
CHARGE01: RULE 32-FELONY        CODE01: RULE  LIT: RULE 32-FELONY TYP: F #: 001
OFFENSE DATE:                          AGENCY/OFFICER: 0030100

DATE WAR/CAP ISS:                      DATE ARRESTED:
DATE      INDICTED:                    DATE      FILED: 12/12/2006
DATE      RELEASED:                    DATE   HEARING:
     BOND AMOUNT:           $.00           SURETIES:

DATE 1:           DESC:                  TIME: 0000
DATE 2:           DESC:                  TIME: 0000

TRACKING NOS: CC 1991 000398 00  /                        /

   DEF/ATY:                           TYPE:                          TYPE:

                        00000                        00000

PROSECUTOR:
```

*this case is on the scanner.*

```
============================================================================================
OTH CSE: CC199100039800 CHK/TICKET NO:                      GRAND JURY:
COURT REPORTER: _____ SID NO:        000000000
DEF STATUS: PRISON             DEMAND:                              OPER: TOR
============================================================================================
   TRANS DATE    ACTIONS, JUDGEMENTS, AND NOTES                              OPE
============================================================================================
```

| TRANS DATE | ACTIONS, JUDGEMENTS, AND NOTES | | OPE |
|---|---|---|---|
| 12/12/2006 | ASSIGNED TO: (EWR) | (AR01) | TOR |
| 12/12/2006 | CHARGE 01: RULE 32-FELONY/#CNTS: 001 | (AR01) | TOR |
| 12/12/2006 | BOND SET AT: $2000.00 | (AR01) | TOR |
| 12/12/2006 | DEFENDANT ARRESTED ON: 12/03/1990 | (AR01) | TOR |
| 12/12/2006 | FILED ON: 12/12/2006 | (AR01) | TOR |
| 12/12/2006 | INITIAL STATUS SET TO: "P" - PRISON | (AR01) | TOR |
| 12/12/2006 | PAYMENT DUE DATE SET TO: 07/08/2007 | (FE52) | TOR |
| 12/12/2006 | ADDR1 CHANGED FROM: 3773 RIVIERA RD | (AR01) | TOR |
| 12/12/2006 | HOME CITY CHANGED FROM: MONTGOMERY | (AR01) | TOR |
| 12/12/2006 | DEF PAID $201 FILING FEE. | (AR01) | TOR |
| 12/12/2006 | CASE ACTION SUMMARY PRINTED | (AR08) | TOR |
| 12/12/2006 | CAS ATTACHMENT PRINTED | (AR08) | TOR |
| 12/12/06 | Def. Pd. $201.00 filing fee | | |
| 12/12/06 | Copy Sent to DA & Copy given ~~to~~ Back to def's family member | | |
| 3-1-07 ✓ | Order Dismissing Rule 32 | | |

```
ACRO370              ALABAMA JUDICIAL INFORMATION SYSTEM   CASE: CC 1991 000398.60
OPER: TOR                    CASE ACTION SUMMARY            RUN DATE: 03/26/2007
PAGE:   2                   CIRCUIT   CRIMINAL
=================================================================================
IN THE CIRCUIT COURT OF MONTGOMERY                                  JUDGE: EWR

STATE  OF  ALABAMA              VS        NORMAN ALFONSO
                                          FEDERAL CORR.INSTITUTE
CASE: CC 1991 000398.60                   P.O. BOX 34550
                                          MEMPHIS, TN  38184 0000

DOB: 07/23/1972        SEX: M  RACE: B  HT: 6 00  WT: 155   HR: BLK EYES:
SSN: 419986948  ALIAS NAMES:
=================================================================================
   TRANS DATE  |   ACTIONS, JUDGEMENTS, AND NOTES                           OPE
```

| TRANS DATE | ACTIONS, JUDGEMENTS, AND NOTES | | OPE |
|---|---|---|---|
| 03/26/2007 | CASE ACTION SUMMARY PRINTED | (AR08) | TOR |
| 3/13/07 | notice of appeal w/o forms. Def. pd. $100 Docket fee. | | |
| 3/26/07 | clerks notice of appeal to CRM. Appls, AG, DA + Def. w/ forms | | |
| 3/29/07 | CR-06-1067 | | |

CC 91- 398.60
EWR

Alfonso Norman #11288-002
Federal Correctional Institute
P.O. Box 34550
Memphis,TN 38184

November 21, 2006

Mellisa Rittenour
Clerk and Register
Circuit Court Montgomery County
montgomery County Courthouse
Montgomery, Al 36102

Dear Mrs. Rittenour
    I'm sending to you my rule 32 post-conviction motion
along with the filling fee in accordance with rule 32.6
(a). Please send back to me my cv-number and the date my
rule 32 petition was filled. Thank you for your time in
this matter!

                                        Sincerly Yours
                                        Alfonso Norman



* This case has been scanned
* Def- pd filing fee.

CC 91-398.00

Case Number
ID    YR    NUMBER
(To be Completed
by Court Clerk)

EWR

PETITION FOR RELIEF FROM CONVICTION OR SENTENCE (Pursuant to
Rule 32, Alabama Rules of Criminal Procedure)

IN THE _____ COURT OF _____ COUNTY, ALABAMA

Alfonso Norman _____ v. State ALabama
Petitioner (Full Name)                 Respondent
                                       [Indicate either the "State" or,
                                       if filed in municipal court, the
                                       name of the "Municipality"]

Prison Number 11288- Place of Confinement F.C.I. Memphis TN
County of Conviction Montgomery
NOTICE: BEFORE COMPLETING THIS FORM, READ CAREFULLY THE ACCOMPANYING
  INSTRUCTIONS.

1.  Name and location (city and county) of court which entered the judgment of
      conviction or sentence under attack _City and County of Montgomery, Al_

2.  Date of judgment of conviction _6-4-91_
3.  Length of sentence _5 years split 2 DOC,90 days bootcamp_
4.  Nature of offense involved (all counts) _Poss/REc Control Substance_
          _cc-91-000398-00_
    _____
    _____
    _____

5.  What was your plea? (Check one)
    (a)  Guilty _x_
    (b)  Not Guilty ___
    (c)  Not Guilty by reason of mental disease or defect ___
    (d)  Not Guilty and not guilty by reason of mental disease or defect ___
    If you entered a guilty plea to one count or indictment, and a not guilty
      plea to another count or indictment, give details:
    _____
    _____

6.  Kind of trial: (Check one)
    (a) Jury _NA_               (b) Judge only _NA_
7.  Did you testify at the trial?
    Yes _____          No _x_
8.  Did you appeal from the judgment of conviction?
    Yes _____          No _x_
9.  If you did appeal, answer the following:
    (a)  As to the state court to which you first appealed, give the following
         information:
         (1)  Name of court ___NA___
         (2)  Result _____
              _____
         (3)  Date of result _____
              _____

(b)  If you appealed to any other court, then as to the second court to
    which you appealed, give the following information:
    (1)  Name of court _____

    (2)  Result _____
                    NA
    (3)  Date of result _____

(c)  If you appealed to any other court, then as to the third court to
    which you appealed, give the following information:
    (1)  Name of court _____

    (2)  Result _____ NA _____

    (3)  Date of result _____

10.  Other than a direct appeal from the judgment of conviction and sentence,
    have you previously filed any petitions, applications, or motions with
    respect to this judgment in any court, state or federal?
    Yes  X          No ____

11.  If your answer to Question 10 was "yes," then give the following
    information in regard to the first such petition, application, or motion
    you filed:
  (a)  (1)  Name of court _The Circuit Court of Montgomery Al_____
       (2)  Nature of proceeding _Writ of Error or in the Alternative Habeus_
       (3)  Grounds raised _____

           _____
                SEE ATTACHMENT 1
           _____

           (attach additional sheets if necessary)
       (4)  Did you receive an evidentiary hearing on your petition,
           application, or motion?
           Yes _____      No X
       (5)  Result _Motion Denied Judge MCcoovey_____
       (6)  Date of result 6-28-06
  (b)  As to any second petition, application, or motion, give the same
    information:
    (1)  Name of court _____
    (2)  Nature of proceeding _____
    (3)  Grounds raised _____ NA _____

           _____
           _____
           _____

           (attach additional sheets if necessary)
       (4)  Did you receive an evidentiary hearing on your petition,
           application, or motion?
           Yes _____      No NA
       (5)  Result _____
       (6)  Date of result _____
  (c)  As to any third petition, application, or motion, give the same
    information (attach additional sheets giving the same information
    for any subsequent petitions, applications, or motions):

                    NA

ATTACHMENT 1

the follow;

ISSUE'S PRESENTED:

### 1

THE MOVANT INDICTMENT IS DEFECTIVE FOR FAILURE TO CHARGE THE ELEMENTS OF POSSESSION AND CONSTITUTES A JURISDICTIONAL DEFECT IN THE INDICTMENT

### 2

THE COURT FAILED TO INFORM TO THE MOVANT WITHIN THE RECORD ALL OF HIS GUILTY PLEA RIGHTS AND PLEA CANNOTES MAKING HIS GUILTY PLEA NOT MADE VOLUNTARILY KNOWINGLY AND INTELLIGENTLY MADE

### 3

THE CIRCUIT COURT ERRED AT THE SENTENCING WHEN IT FAILED TO "INFORM TO THE MOVANT ON THE RECORD ALL HIS CONSTITUTIONAL" RIGHTS AT THE SENTENCING ON JUNE 4, 1991 AND WHEN IT FAILED TO SHOW AND DEMONSTRATE IN THE RECORD A "FACTUAL BASIS" FOR THE SENTENCE AND CONVICTION OF POSSESSION

### 4

THE CIRCUIT COURT WAS "WITHOUT JURISDICTION" TO IMPOSE THE "FIVE-YEAR SPLIT SENTENCE OF POSSESSION OF CRACK COCAINE" ASTO WHERE THERE NO RECORD OF THE STATE LAB TESTING ANALYSIS CONDUCTED" TO DETERMINE WHAT THE ALLEGED LOOK-ALIKE CONTRO- LLED SUBSTANCE ACTUALLY WERE...THIS LACKS JURISDICTION TO IMPOSE THE SENTENCE

The State "does not" provide in it's denial of Movant's Motion a Convincing reason to deny Review of the Questions and issue's of law presented by the Movant Mr. Norman within this court. The Case law authority Cited by the Movant "Were Not Refuted" by the State or it's respondant, therefore Waiving all four-issues raised by the Movant in his Motion for to be refuted by the State for Appeal purposes in State Federal Courts in the near future. Every defendant/Movant has a Right under the Due Process Clause State/Federal Constitution Fifth, Sixth a Fourteenth Amendment to proceed within this Court and to be heard on t **Merit's** of his said Petition.

The Movant filed his Petition on June 20, 2006, On June 28, 200 the Movant said Petition were denied "WITHOUT" any Circuit Court's Judges ORDER, and without any Judge fairly reviewing his said Petition and without any Circuit Court Judge making his "Findings of Facts" wit

double jeopardy.

    (8)   Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

    (9)  Denial of effective assistance of counsel.

This list is not a complete listing of all possible constitutional violations.

If you checked this ground of relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each constitutional violation that you claim, whether or not it is one of the nine listed above, and include under it each and every fact you feel supports this claim. Be specific and give details.

xx  B.   The court was without jurisdiction to render the judgment or to impose the sentence.

If you checked this ground of relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

\_\_\_  C.   The sentence imposed exceeds the maximum authorized by law, or is otherwise not authorized by law.

If you checked this ground of relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

\_\_\_  D.   Petitioner is being held in custody after his sentence has expired.

If you checked this ground of relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

\_\_\_  E.   Newly discovered material facts exist which require that the conviction or sentence be vacated by the court, because:

The facts relied upon were not known by petitioner or petitioner's counsel at the time of trial or sentencing or in time to file a post-trial motion pursuant to Rule 24, or in time to be included in any previous collateral proceeding, and could not have been discovered by any of those times through the exercise of reasonable diligence; and

The facts are not merely cumulative to other facts that were known; and

The facts do not merely amount to impeachment evidence; and

If the facts had been known at the time of trial or sentencing, the result would probably have been different; and

The facts establish that petitioner is innocent of the crime for which he was convicted or should not have received the sentence that he did.

If you checked this ground of relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

\_\_\_  F.   The petitioner failed to appeal within the prescribed time and that failure was without fault on petitioner's part.

If you checked this ground of relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

(1) Name of court _____
(2) Nature of proceeding _____
(3) Grounds raised _____

_____
NA
_____
_____

(attach additional sheets if necessary)
(4) Did you receive an evidentiary hearing on your petition, application, or motion?
Yes _____ NA No _____
(5) Result _____
(6) Date of result _____

(d) Did you appeal to any appellate court the result of the action taken on any petition, application, or motion?
(1) First petition, etc.                              Yes _____    No x
(2) Second petition, etc.                          Yes _____    No x
(3) Third petition, etc.                             Yes _____    No x
ATTACH ADDITIONAL SHEETS GIVING THE SAME INFORMATION FOR ANY SUBSEQUENT PETITIONS, APPLICATIONS, OR MOTIONS.

(e) If you did not appeal when you lost on any petition, application, or motion, explain briefly why you did not:
The Motion was not in proper form or under rule 32
SEE ATTACH-  the trial court lacked subject matter jurisdiction
MENT          to deny the petition . Exparte Chandler, So.2d-2005
12. Specify every ground on which you claim that you are being held unlawfully, by placing a check mark on the appropriate line(s) below and providing the required information. Include all facts. If necessary, you may attach pages stating additional grounds and the facts supporting them.

GROUNDS OF PETITION
Listed below are the possible grounds for relief under Rule 32. Check the ground(s) that apply in your case, and follow the instruction under the ground(s):

XXX A.   The Constitution of the United States or of the State of Alabama requires a new trial, a new sentence proceeding, or other relief. For your information, the following is a list of the most frequently raised claims of constitutional violation:
(1)  Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(2)  Conviction obtained by use of coerced confession.
(3)  Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(4)  Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(5)  Conviction obtained by a violation of the privilege against self-incrimination.
(6)  Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(7)  Conviction obtained by a violation of the protection against



ATTACHMENT
IN THE CIRCUIT COURT OF MONTGOMERY ALABAMA
STATE OF ALABAMA

STATE OF ALABAMA
RESPONDANT

CASE NO. CC-__-___-__ (POSSESSION)

VS.

ALFONSO NORMAN
MOVANT

"EXHBIT (B)"
AHACHMENT

PETITION FOR A WRIT OF ERROR CORAM NOBIS OR IN THE ALTERNATIVE FOR A
WRIT OF HABEAS CORPUS AND FOR ORDER GRANTING POST-CONVICTION RELIEF
FOR TO VACATE AND EXPUNGE THE RECORD OF THE ABOVE SAID POSSESSION
CONVICTION FOR VIOLATION OF CONSTITUTIONAL DEFECT IN THE MOVANT CONV[
CTION AND JURISDICTIONAL DEFECT IN THE MOVANT INDICTMENT RENDERING H[
POSSESSION CONVICTION VIOD

NOW COMES, Alfonso Norman the Movant pro-se, in the above styled case accord

with Mackreth V. Wilson, 31 Ala. App. 191, 15 So.2d 112 ; hereby respectfully reque

this Honorable court to Vacate, Expunge the record and Conviction of the above ente

case number, in Violation of "CONSTITUTIONAL DEFECTS in the Movant's Conviction" an

and "JURISDICTIONAL DEFECT in the Movant's INDICTMENT", rendering Movant's Possessio

Conviction Void"

Jurisdictional Claims are exempt from the procedural bar of Ala. R. Crim. P.

Where the Movant is alleging that his Indictment is Void for failure to inclcude th

Essential "Elements" of the Offense or Charged Crime "POSSESSION" This was and Consti

"Jurisdictional Defect" which CANNOT be Waived by the Movant and can be Notice at

any-time See Williams V. State, 783 So.2d 135, 2000 Ala. Crim. App. Lexis 171 (Ala.

App. 2000). Also, the Movant Guilty Plea in the above styled case failed to "INFORM

Movant of all of the "Essential Elements of the Offense", to Make Sure the Movant h

FULL UNDERSTANDING of What the Plea Cannotes and of it's Consequence, Knowingly, a

Intelligently made, as required by Boykins V. Alabama , 395 U.S. 238 , 69) and the

provisions of Ala. R. Crim. P. Rule-11 and Rule 14.4 (a)(1) "Plea C____es."

## ATTACHMENT   3

## ISSUES PRESENTED

## ISSUE   1

Mr. Norman claims his 6th amendment right to the constitution of the United States of America was violated along with rule 13.2(a)(b) --- and Ala. Code 1975 15-8-25 in accordance with rule 32.1(b). TRIAL COURT LACK JURISDICTION TO ACCEPT DEFENDANT GUILTY PLEA, RENDER JUDGEMENT OR IMPOSE SENTENCE.

Mr. Norman indictment of unlawful possession of a controlled substance was void for failing to include any of the elements of the crime of unlawful possession of a controlled substance specifically (1). Actual or potential physical control, (2). Intention to exercise dominion, (3). External manifestation of intent and control. The indictment was void due to its failure to allege the essential elements of the offense and this was a **jurisdictional defect** which could not have been waived by petitioner. (see Exhibit A). Also see **Rawls vs. State, 585 So.2nd 241, 1991 Ala. Crim. App. LEXIS 288 (Ala Crim. App. 1991)** (see) Cogman vs. State, 870 So. 2nd 762, 2003 Ala Crim. App. LEXIS 65 (Ala. Crim. App. 2003) (see) Breckridge vs. State, 628 So. 2nd 1012, 1993 Ala. Crim. App. LEXIS 1012 (Ala. Crim.App.) (see) Bush vs. State, 695 So. 2nd 70, 1995 Ala. Crim. App.LEXIS 386 (Ala. Crim. App. 1995) Affirmed by 1997 Ala. LEXIS 22.31 Ala. B. Rep. 1039 (Ala. 1997 (See Exhibit-A: Alabama Rules Annotated Rule 13.2)

An indictment must contain every element of the charge offense to pass constitutional muster. **United States vs. Fern, 155 Fd 3d 1318 (11th Cir. 1998)** (see) United States vs. Stevens, 784 Fd 2d 1093 (11th Cir. 1996). This is because the 6th amendment guarantees every defendant the right to be informed of the government's accusation against him. **United States vs. Chilcote, 724 F. 2d 1498 (11th Cir. 1984)**. Alabama rules of Criminal Procedure 13.2 (a) and Ala. Code 1975 15-8-25 requires: " An indictment must state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended and with the degree of certainty which will

enable the court, on conviction, to pronounce the proper judgement.
**United States vs. Gold, 743 F.2d 800 (11th Cir. 1984).** If an indict-
ment fails to allege an offense, the defendant may challenge it even
after he has completed serving his sentence. **United States vs. Peter**
**310 F. 3d 709 (11th Cir. 2002).** (Granting Coram Nobis relief.) If this
indictment tracks the language of the statue it will be accompanied
with such a statement of the facts and circumstances as will inform
the accused of the specific offense, common under the general descrip-
tion, with which he is charged. Additionally when the indictment uses
generic terms it must state the offense with particularity. United
States vs Bobo, 344 F. 2d 1076, 1083 (11th Cir. 2003), Holding that
health care fraud indictment was deficient, because it failed to ade-
quately allege factual basis of charge. If a statue omits an essential
element of an offense, or includes it only by implication, then plead-
ing the statutory language will not suffice, and the omitted elements
must be alleged directly and with certainty. Affirmative defense, on
the other hand, need not be negated in an indictment. **United States**
**vs. Sisson, 399 U.S. 267 (1970) (see) Hamlin vs. United States, 418**
**U.S. 877, 94 S.ct. 2887, 41 L.ed 2d 590 (1974): Stating that an indi-**
**ctment must " Fully directly, and expressly, without any uncertainty**
**or ambiguity, set forth all the elements necessary to constitute the**
**offense intended to be punished. (Quoting United States vs. Carroll**
**105 U.S. 611, 26 1. ed. (1981) (see)(Exhibit-E: Indictment)**


## ISSUE  2


Mr. Norman claims his 5th amendment right to the constitution
of the United States of America was violated and in accordance with
the Alabama Rule of Criminal Procedure 32.1 (b), **the court was with-**
**out jurisdiction to accept my guilty plea, render judgement or to**
**impose sentence.** The circuit court judge in the plea colloquy never
informed me of the elements of the offense of unlawful possession of
a controlled substance nor were they alleged in the indictment, or
plea of guilty waiver of rights form.

Mr. Norman was never apprised of the elements of the offense

and for this reason he had not entered into a voluntary and knowing plea, based on a sufficient factual basis. (see) EXHIBIT A, B, C, (see) Boykin vs. Alabama, 395 U.S. 238, S.ct. 1709, 23 L. ED. 2d. 274 (1969). This was a violation of Alabama rule of criminal procedure 14.4 (a)(1)(i), and 14.4(b). To be valid, a guilty plea must be made voluntarily and with full knowledge of the consequences. Subsection (a)(1) requires a complete colluquy to ensure that the defendant understand what the plea cannotes and its consequence as required by, Boykin vs. Alabama 395 U.S. 238 (1969) (see) Stano vs. Dugger, 921 F.2d 1125 (11th Cir. 1991). Subsection (i) requires that the nature of the charge and the material elements of the offense be explained so that the defendant knows what he is accused of. Real notice of the charge is the first and most universally recognized requirement of due-process. Smith vs. O'Grady 312 U.S. 329, 334 (1941). Because the defendant was not properly informed of the elements of the offense to which he was entering his guilty plea, the plea was not "KNOWING AND VOLUNTARY" and had to be set aside. In short, the defendant must have adquate notice and understanding of the nature of the charge to which he was pleading guilty, Henderson vs. Morgan, 426 U.S. 637 (1976). The instant provision is designed to meet that requirement. Notwithstanding the acceptance of a plea of guilty the court shall not enter a judgement upon such a plea of guilty without being satisfied that there is a factual basis for the plea. Section (b) satisfies the requirement in Clark vs. State, 294, Ala 485, 488, 318 So. 2d 805, 807-808 (1974). Holding that "In a plea of guilty proceeding the judge should undertake a factual inquiry to determine if the plea is voluntarily made with an understanding of the nature of the charge and the consequences of the plea. Futher the judge should be satisfied that there is a factual basis for the plea. In Mr Norman's case the rule was not followed and the record shows that this is the case at hand. In such proceeding a trier of facts does not seek to determine if the accused's action would justify a conviction on the full charge contained in an indictment but only if such action satisfies the degree of guilt admitted by the plea! There was no incourt statement from the defendant on the record, (See Exhibit C). The district attorney never provided a

forensic lab report, or witness stating the substance found was act-
ually a controlled substance, in actuality the substance could have
been no more than chalk. The court must be presented with evidence
from which it can reasonably find that the defendant is guilty. <u>United
States vs. Camacho, 233 F. 3d 308 (11th Cir. 2001).</u> There is no require-
ment when accepting a guilty plea that there be uncontroverted evidence
of the defendant guilt. Instead, there must simply be evidence from
which a court could reasonably find that the defendant was guilty, a
factual basis for the plea. <u>United States vs. Owens. 858 F 2d 1514 (11th
Cir. 1988).</u>


## CONCLUSION

The trial court lacked jurisdiction to accept the defendant
guilty plea, render judgement or impose sentence, because the indict-
ment was void for failing to include any of the elements of the offense
in violation of the 6th Amendment, Ala. R. Crim. Procedure 13.2(a)(b)
and Ala. Code 1975 15-8-25. The indictment failed to charge the offense

The trial judge never informed Mr. Norman of the nature of the
charge and the material elements of the offense to which the plea was
offered. Neither were there any lab reports or incourt statements from
the prosecutor or witnesses for the state stating that the substance
was actually a controlled substance. The plea was <u>not</u> knowingly and
voluntarily made based upon a sufficient factual basis in violation
of the 5th Amendment rights of the constitution and Ala. R. Crim.Proce-
dure 14.4(a)1(i) and (b).

Wherefore Mr. Norman request this honorable court to grant his
<u>Rule 32 Post-Conviction Petition</u> by vacating the judgement an expunge
the record of the conviction that is tainted with constitutional juris-
dictional defects.

The petitioner futher request the court to view his petition with
fairness and equal protection under the law and constitution on all
claims raised. (see) Haines vs. Kerner 404 U.S. 519. 30 L.ed. 2d 652,-
92 S ct. 549 (1972). Holding that allegations of a pro-se complaint
must be veiwed "less strigent" than formal pleadings drafted by lawyers.
According to rule 32.7 (a) the defendant is ordering the prosecutor
to respond within (30) days after service of the petition.

13. IMPORTANT NOTICE REGARDING ADDITIONAL PETITIONS RULE 32.2(b) LIMITS YOU TO
    ONLY ONE PETITION IN MOST CIRCUMSTANCES. IT PROVIDES:
    "Successive Petitions. The court shall not grant relief on a second
    or successive petition on the same or similar grounds on behalf of
    the same petitioner. A second or successive petition on different
    grounds shall be denied unless the petitioner shows both that good
    cause exists why the new ground or grounds were not known or could
    not have been ascertained through reasonable diligence when the
    first petition was heard, and that failure to entertain the
    petition will result in a miscarriage of justice."

A. Other than an appeal to the Alabama Court of Criminal Appeals or the
   Alabama Supreme Court, have you filed in state court any petition
   attacking this conviction or sentence?
   Yes  x          No

B. If you checked "Yes," give the following information as to earlier
   petition attacking this conviction or sentence:
   (a) Name of court  Circuit Court of Montgomery county
   (b) Result  Denied JUDGE MCcoovey
   (c) Date of result  6-28-06
       (attach additional sheets if necessary)

C. If you checked the "Yes" line in 13A, above, and this petition
   contains a different ground or grounds of relief from an earlier
   petition or petitions you filed, attach a separate sheet or sheets
   labelled: "EXPLANATION FOR NEW GROUND(S) OF RELIEF."
   On the separate sheet(s) explain why "good cause exists why the new
   ground or grounds were not known or could not have been ascertained
   through reasonable diligence when the first petition was heard, and
   [why the] failure to entertain [this] petition will result in a
   miscarriage of justice."

14. Do you have any petition or appeal now pending in any court, either state
    or federal, as to the judgment under attack?
    Yes _____          No  x

15. Give the name and address, if known, of each attorney who represented you
    at the following stages of the case that resulted in the judgment under
    attack:
    (a) At preliminary hearing  ____NA____
    (b) At arraignment and plea  George W Cameron
    (c) At trial  ____NA____
    (d) At sentencing  George W Cameron
    (e) On appeal  ____NA____
    (f) In any post-conviction proceeding  ____NA____
    (g) On appeal from adverse ruling in a post-conviction proceeding  ____NA____

16. Were you sentenced on more than one count of an indictment, or on more
    than one indictment, in the same court and at the same time?
    Yes  y          No  X

17. Do you have any future sentence to serve after you complete the sentence

NA

imposed by the judgment under attack?

Yes _____ No __NA__

(a) If so, give name and location of court which imposed sentence to be served in the future: _____

(b) And give date and length of sentence to be served in the future: __NA__ _____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

Yes _____ No _____

18. What date is this petition being mailed?
12/4/06

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

PETITIONER'S VERIFICATION UNDER OATH SUBJECT TO PENALTY FOR PERJURY

I swear (or affirm) under penalty of perjury that the foregoing is true and correct. Executed on 12/4/06 (Date).

Alfonso Norman
Signature of Petitioner

SWORN TO AND SUBSCRIBED before me this the 4th day of December, ~~19~~ 2006

Mary Williams
Notary Public

Commission expires July 10, 2007

J. WILL
STATE
NOTARY
PUBLIC
AT
LARGE
SHELBY COUNTY, TN

OR (FN*)

ATTORNEY'S VERIFICATION UNDER OATH SUBJECT TO PENALTY FOR PERJURY

I swear (or affirm) under penalty of perjury that, upon information and belief, the foregoing is true and correct. Executed on _____ (Date).

_____
Signature of Petitioner's Attorney

SWORN TO AND SUBSCRIBED before me this the _____ day of _____, 19____.

_____
Notary Public

Name and address of attorney representing petitioner in this proceeding (if any)

_____
_____
_____

FN* If petitioner is represented by counsel, Rule 32.6(a) permits either petitioner or counsel to verify the petition.

IN FORMA PAUPERIS DECLARATION

[Insert appropriate court]

cannot waive the absence of an indictment, except under the terms of Amendment 37 and
§ 15-15-20 (Kennedy v. State; 39 Ala. App. 676, 107 So. 2d 913 (1958)). In support of its holding,
the Court said that "the constitutional requisition of indictments generally in all cases of felony is
not one conferring a mere personal privilege upon an accused person, but is so imbued with the
public concern for due and proper administration of the law that no individual may waive it." 39
Ala. App. 676, 690, 107 So. 2d 913, 926 (1958).

The use of an information in Alabama (except in impeachment proceedings) is set out in Rule
2.2(e).

### CASE NOTES

Complaint.
Cited.

**Complaint.**
The amendability of complaints has been
governed, since March 1, 1983, by Rule 13.5,
A.R.Cr.P. The rule, by its plain language, ap-
plies to all "charges." A complaint is a "charge,"
pursuant to Rule 13.1(c), A.R.Cr.P. The rule,
therefore, makes complaints, like indictments,
absolutely non-amendable without the consent
of the defendant. Mason v. Vestavia Hills, 518
So. 2d 221, 1987 Ala. Crim. App. LEXIS 5188
(Ala. Crim. App. 1987).

Uniform traffic ticket and complaint is a

"complaint" and cannot be amended by a pros-
ecutor's complaint without defendant's con-
sent. Vance v. Hoover, 565 So. 2d 1251, 1990
Ala. Crim. App. LEXIS 156 (Ala. Crim. App.
1990).

Cited in Garrison v. State, 521 So. 2d 997,
1986 Ala. Crim. App. LEXIS 6054 (Ala. Crim.
App. 1986); Atmore v. State, 544 So. 2d 979,
1989 Ala. Crim. App. LEXIS 216 (Ala. Crim.
App. 1989); Cone v. City of Midfield, 561 So. 2d
1126, 1990 Ala. Crim. App. LEXIS 186 (Ala.
Crim. App. 1990); Ex parte Bozeman, 781 So.
2d 165, 2000 Ala. LEXIS 163 (Ala. 2000).

## Rule 13.2. Nature and contents of indictment or information.

(a) IN GENERAL. The indictment or information shall be a plain, concise
statement of the charge in ordinary language sufficiently definite to inform a
defendant of common understanding of the offense charged and with that
degree of certainty which will enable the court, upon conviction, to pronounce
the proper judgment.

(b) CHARGING THE OFFENSE. The indictment or information shall state for each
separate offense, other than lesser included offenses, the official or customary
citation of the statute, rule, regulation, or other provision of law that the
defendant is alleged to have violated.

(c) NOTICE OF NECESSARILY INCLUDED OFFENSES. Specification of an offense in an
indictment or information shall constitute a charge of that offense and of all
lesser offenses necessarily included therein.

(d) UNNECESSARY ALLEGATIONS. An indictment or information which is in
conformity with sections (a) and (b) shall be sufficient. The indictment or
information need not contain a formal commencement, a formal conclusion, or
any other matter not necessary to the statement of facts, nor need it negative
any defense or affirmative defense contained in any statute creating or
defining the offense charged. Presumptions of law and matters of which
judicial notice is taken need not be stated. It is not necessary to state the
precise time or date at which or on which the offense is alleged to have been
committed, or the place where the offense is alleged to have been committed
unless the time or place is a material element of the offense. Unnecessary
allegations may be disregarded as surplusage, and, on motion of the defendant,
shall be stricken by the court if prejudicial or prolix.

(e) MOTION FOR MORE DEFINITE STATEMENT. A motion for more definite statement
may be made at any time prior to entry of the defendant's plea, which motion
shall be granted for good cause shown. A statement filed in compliance with a

RULE 32 PETITION EXHIBIT-B

**WITNESSES**

D.L. Whittle, MPD
G.L. Graves, MPD
W.E. Gorden, MPD
A. Mitchell, FDS
Allen Chapell, 4317 Radburn Rd.
Rodney LaSalle Harris, 809 Burbank Dr
Deneco Eric Nettles, 1306 Jordan ST.
Haywood Norman, 3773 Riviera Rd.

91-398-R

GJ NO. 232     AAO/22

THE STATE OF ALABAMA

v.

ALFONSO NORMAN, alias

b/m, 7/23/72, 3773 Riviera Rd.

SID NO. _____     ARREST DATE 12/03/90

FOR

POSSESSION/RECEIPT OF CONTROLLED SUBSTANCE

Presented in open Court by the Foreperson of the Montgomery County Grand Jury in the presence of ____16____ other members of the Grand Jury and filed this ___13___ day of _Feb_ 19 _91_

_Delia B. Sackett_

Clerk of the Circuit Court of Montgomery County

A TRUE BILL

Foreperson of Grand Jury

No Prosecutor

BAIL IN THIS CASE IS FIXED AT

$ 2,000.00

_Eugene W. Reese_

Judge of Circuit Court of Montgomery County

CC NO. _____

RULE 32 PETITION EXHIBIT-B



# THE STATE OF ALABAMA

## MONTGOMERY COUNTY

_____

Circuit Court of Montgomery County. _____ February _____ Term. A. D. 19 ___ 91

The Grand Jury of said County charge that, before the finding of this indictment,

ALFONSO NORMAN, alias
AL NORMAN,

whose name is otherwise unknown to the Grand Jury, did unlawfully and

willfully possess COCAINE, a controlled substance, in violation of Section

13A-12-212 of the Code of Alabama,

RULE 32 PETITION EXHIBIT-B

against the peace and dignity of the State of Alabama.

_District Attorney, Fifteenth Judicial Circuit of Alabama_

ALABAMA JUDICIAL INFORMATION CENTER

CASE ACTION SUMMARY
CIRCUIT CRIMINAL                          CASE: CC 91 000398 00

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY                    JUDGE: EWR

STATE OF ALABAMA              VS        NORMAN ALFONSO
                                       3773 RIVIERA RD
CASE: CC 91 000 0                      MONTGOMERY AL

CHARGE: POSS/REC SUBST   TYPE: F       DATE WAR/CAP ISSUED:  __/__/__

LITERAL: UNLAW POSS/REC CONTROL SUB    DATE ARRESTED:        12/03/90

DEFENDANT STATUS: BOND                 DATE HEARING:         __/__/__

DEFENSE ATTORNEY: CAMERON, GEORGE W    DATE RELEASED:        __/__/__

PROSECUTOR:      HARRIS, TERESA CAMILLE DATE ARRAIGNED:       02/20/91

OFFICER:                  COUNSEL: A   DATE TRIAL:           TIME:

DATE OF BIRTH:   07/23/72              BOND/TYPE SURETIES:   INDV

RACE: B          SEX: M               BOND AMOUNT:          $2000  00

ALIAS NAME: _____                   DATE INDICTED:        02/13/91

AGENCY:                               DATE FILED:           02/14/91

DC CASE NUMBER:   0     0  0          WORTHLESS CHECK NO:   ___

GRAND JURY NUMBER:  232               COURT REPORTER:       ___

ADDITIONAL INFORMATION AND REMARKS:   SID NO:

DATE          ACTIONS, JUDGMENTS, CASE NOTES

2-20-91   Application for YOA filed

4/7/91    YOA                                    Denied Eng-WR

5-21-91   The defendant comes before the Court with attorney of record. The Court on the record, fully explained to Defendant all Constitution rights. The Court is convinced that Defendant comes into the Court voluntarily and understands all Constitutional rights. Exhibit A is signed by Defendant and the record affirmatively shows colloquy between the Judge and Defendant as to Defendant's full and complete understanding as to Constitutional rights and as to all of the matters that a guilty plea effects and the consequences thereof. Upon the conclusion of said colloquy the Court accepts the guilty plea and finds the Defendant guilty of:
          POSSESSION COCAINE
          and enters a judgement of guilt
          Sentencing date is:  6-4-91  8:15

CATHY JACKSON
COURT REPORTER
DATE 5-21-91

6-4-91    Sentencing held this date. A pre-sentence report was considered by the Court.
          The Court having asked the defendant if he had anything to say as to why sentence of law should not now be pronounced upon him, and the Defendant having nothing to say, the Court sentence the defendant to 5 years to the Dept. of Corrections, SUSPENDED, pursuant to the split sentence Act. Defendant is ordered to serve 2 years at DOC. The Court ordered defendant to Boot Camp at the Dept. of Corrections

CATHY JACKSON
COURT REPORTER
DATE 6-4-91

RULE 32 PETITION EXHIBIT C

| State of Alabama Unified Judicial System  Form C-44  Rev. 3/83 | **EXPLANATION OF RIGHTS AND PLEA OF GUILT** (AFTER INDICTMENT) | Case Number CC. 91-398-A |
|---|---|---|

IN THE ___Circuit___ COURT OF ___Montgomery___ COUNTY

STATE OF ALABAMA v. ___Alfonzo Norman___

**TO THE ABOVE NAMED DEFENDANT:**

This is to inform you of your rights as a defendant in this criminal case. Under the indictment returned against you in this case by the Grand Jury of this county, you are charged with the crime of ___Possession of Cocaine___ which is a Class ___C___ Felony. In the event you plead guilty to said crime, the law provides for punishment by imprisonment in the penitentiary for not less than ___1___ nor more than ___10___ for such offense and by imposition of a fine not to exceed $ ___5,000___. Provided further that at a sentencing hearing should the State of Alabama prove to this Court that prior to committing this offense, you have previously been convicted of any one (1) felony, then the said imprisonment term must be for not less than _____ nor more than _____, and a fine not to exceed $ _____. Likewise, if the State proves you have been so convicted of any two (2) prior felonies, then the said imprisonment term must be for not less than _____ nor more than _____ and a fine not to exceed $ _____. And, if the State proves that you have been so convicted of any three (3) prior felonies, then the said imprisonment must be for not less than _____ nor more than _____, and a fine not to exceed $ _____.

Further, you may be ordered to pay restitution in an amount determined by the court, for the use and benefit of the victim of your criminal offense.

In accordance with §15-23-17, *Code of Alabama 1975*, you shall be ordered to pay a victim compensation assessment of not less than $25.00 nor more than $10,000.

IN ENTERING A PLEA OF GUILTY IN THIS COURT, YOU ARE WAIVING A TRIAL BY JURY AND THE FOLLOWING RIGHTS TO WHICH YOU ARE ENTITLED IN A CRIMINAL TRIAL.

Under the Constitution of the United States and of the State of Alabama, you have a right or privilege not to be compelled to give evidence against yourself. In the trial of your case before the jury, you have the right to take the witness stand and to testify on your own behalf, if you so desire, but no one can require you to testify. If you testify, you can be cross-examined by the State. If you do not testify, no one can even comment to the jury as to your failure to testify. You have the right to remain absolutely silent, but anything that you voluntarily say, with knowledge of your rights, may be used against you. Your conversations with your attorney are confidential and cannot, and will not, be disclosed by your attorney.

You have the right to stand on your plea of not guilty, and the right to a public trial before a duly selected jury. In a jury trial, the jury would determine whether you are guilty or whether you are innocent, based upon the evidence in the case.

In the trial of your case, your attorney could subpoena witnesses on your behalf, make legal objections to matters that he felt were objectionable, cross-examine the witnesses of the State, examine your own witnesses, and argue the matter before the jury. He would be bound to do everything that he could honorably and reasonably do to see that you obtain a fair and impartial trial. You have the right to have witnesses subpoenaed to testify as to pertinent facts in your favor.

In the trial of your case, you will come into court clothed with a presumption that you are not guilty and this presumption of innocence will follow you throughout the course of the trial until the evidence produced by the State convinces each juror, beyond a reasonable doubt of your guilt. The burden of proof is upon the State of Alabama to convince each and every juror, from the evidence in the case, that you are guilty beyond a reasonable doubt before the jury would be authorized to find you guilty. If the State does not meet such burden of proof, it will be the jury's duty to find you not guilty. You will have no burden of proof whatsoever in your trial.

To the charges set forth in the indictment, you have the right to enter a plea of guilty, not guilty, not guilty by reason of mental disease or defect, and not guilty and not guilty by reason of mental disease or defect. You will enter a plea of guilty only if you are actually guilty of said crime and if you do not desire a jury trial. IF YOU PLEAD GUILTY, THERE WILL BE NO JURY TRIAL, AS HAS BEEN HERETOFORE EXPLAINED TO YOU.

Your attorney will go over these rights with you, but if you have any question about any of them, please ask the undersigned judge and he will make further explanation thereof to you.

DATE ___5/21/91___                                  ___[signature]___

Comes the defendant in the above-styled cause and states to the Court that he has read, or has had read to him, the matters and things hereinabove set forth; that his attorney has thoroughly gone over said matters and things with him and that he, the defendant, thoroughly understands them; that he is not under the influence of any drugs, medicines or alcoholic beverages and has not been threatened or abused or offered any inducement or reward to get him to plead guilty. Defendant further states to the Court that he is guilty as charged, and he desires to plead guilty.

DATE ___5-21-91___        DEFENDANT ___x Alfonso Norman___

I, the attorney for the above-styled defendant and certify that the above and foregoing rights were read by the defendant in my presence, or were read to him by me, that I discussed such rights with the defendant, in detail, and that a written copy of the above rights was given to the defendant or his attorney. Having gone over his rights with the defendant, in my judgment, the defendant understands his rights.

DATE ___5-21-91___        ATTORNEY ___George W. Cameron, Sr.___

Filed in Office This Date: _____        Clerk _____        By _____

COURT RECORD (Original)        DEFENDANT (Copy)        ATTORNEY (Copy)

RULE 32 PETITION EXHIBIT-C2

## IN THE CIRCUIT COURT FOR THE FIFTEENTH JUDICIAL CIRCUIT
### MONTGOMERY COUNTY, ALABAMA

| | | |
|---|---|---|
| ALFONSO NORMAN | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CC-91-0398.60 |
| | ) | |
| STATE OF ALABAMA | ) | |
| Respondent. | ) | |

### ANSWER AND MOTION FOR SUMMARY DISPOSITION

Comes now the State of Alabama, by and through its District Attorney for the

Fifteenth Judicial Circuit, Eleanor I. Brooks, and submits the following answer to the

Petitioner's Rule 32 Petition filed on or about December 12, 2006:

As a basis for this petition, the Petitioner alleges the following grounds in support

of his claims:

     1.     Petitioner alleges the Court was without jurisdiction to render the
judgment or impose the sentence.

### PROCEDURAL HISTORY

In February of 1991 Petitioner was indicted by the Montgomery County Grand

Jury for Possession of a Controlled Substance. In May of that year, the Petitioner pled

guilty as charged in front of the Honorable Eugene W. Reese. At his sentencing hearing,

conducted on June 4, 1991, the Petitioner received a five-year sentence, split to serve two

years, and was ordered to complete boot camp. The Petitioner later filed a habeas corpus

petition which was denied on or about June 26, 2006 by the Honorable Judge T.

McCooey. Petitioner has now filed this Rule 32 petition alleging the same violations as

said habeas petition.

**ALLEGED GROUNDS FOR RELIEF**

The Petitioner alleges in his Rule 32 Petition that the court was without jurisdiction to accept Petitioner's plea of guilty to the charged offense. The Petitioner argues that the court lacked jurisdiction to take his plea for two reasons: 1) because the indictment charging the Petitioner with unlawful possession of a controlled substance was faulty in that it did not include every element of the charged offense, and 2) because the court's plea colloquy with the Petitioner was insufficient, and thus did not insure that the Defendant's plea was entered into knowingly and voluntarily.

**ARGUMENT**

The State of Alabama denies the allegations made by the Petitioner. Both arguments put forward by the Petitioner are legally and factually incorrect and are without merit. Petitioner's first argument alleges that the indictment charging him with unlawful possession of a controlled substance was insufficient because it did not contain every element of the charge offense. In support of his argument, Petitioner cites multiple 11th Circuit Court of Appeals cases guaranteeing every defendant the right to be informed of all allegations against him. In essence, the Petitioner argues that he was not, by way of his indictment, put on adequate notice of the charges being brought against him. As the Petitioner's indictment (State's Ex. 1) clearly shows, this claim is without merit. Petitioner was charged under §13A-12-212 of the Code of Alabama with unlawful possession of a controlled substance. §13A-12-212 states that "a person commits the crime of unlawful possession of a controlled substance if...he possesses a controlled substance." The indictment (State's Ex. 1) Petitioner was charged with conveyed all

elements of the charge when it alleged that Petitioner "did unlawfully and willfully possess cocaine, a controlled substance." While it is true, as Petitioner alleges, that the indictment did not state the legal definition and elements of "possession", this does not entitle Petitioner to any post-conviction relief. Mr. Norman's constitutional right to be made aware of the charge against him was clearly granted. Petitioner was charged with possession of a controlled substance and the indictment charging him clearly set forth the elements of the crime as enumerated in §13A-12-212 of the Code of Alabama.

Mr. Norman's second allegation is also without merit. Petitioner states that, during his guilty plea, he was not made fully aware of all of his constitutional rights. Thus, his arguments goes, Petitioner's plea of guilty was not entered into knowingly and voluntarily. To support this allegation, Petitioner cites, among others cases, Boykin v. Alabama, 395 U.S. 238 (1969). Boykin holds that a defendant must be advised of his constitutional rights during a plea colloquy to ensure that he is entering into such plea with a full understanding of all rights afforded him. Here, Petitioner alleges that he was not advised of his rights and was not apprised of the allegations against him. Thus, he argues, his rights were violated and he is entitled to have his plea withdrawn. However, as the Petitioner's indictment clearly demonstrates, Petitioner was made aware of all the allegations against him. Petitioner's claim that the indictment was faulty because it did not give a precise legal definition of the word "possess" is inaccurate and without basis in the law. The indictment Petitioner was charged with set forth the elements of the charge in their entirety and put Petitioner on notice of the law he was alleged to have violated.

Further, Petitioner's claims that he was not made aware of the remainder of his rights are baseless as Petitioner signed an Explanation of Rights and Plea of Guilt form

indicating that he understood all of his constitutionally afforded rights (State's Exhibit 2).

While Petitioner repeatedly attacks the procedures followed by the court in accepting his

plea, he not-surprisingly fails to mention the fact that he did acknowledge his rights with

this form. In this form, signed by Petitioner the day he pled guilty to the crime of

unlawful possession of a controlled substance, Petitioner acknowledged that he was made

aware of all charges against him and all rights afforded him. Petitioner, along with his

attorney of record, signed this form and Petitioner entered a knowing plea of guilty to the

charge. Petitioner was clearly made aware of the charge against him and was apprised of

all his rights upon pleading guilty. Petitioner's claims that his plea was not knowing and

voluntary are wholly inaccurate.

## CONCLUSION

The Petitioner's claims are without merit and are legally and factually incorrect.

Further, no material issue of fact or law exists which would entitle the Petitioner to relief

under Rule 32 and no purpose would be served by any further proceedings. Accordingly,

the State requests that the court deny the petition without further proceedings.

Respectfully submitted on this the 29th day of January 2007.

ELEANOR I. BROOKS
DISTRICT ATTORNEY

By: _____
Tom McCarthy (MCC150)
Deputy District Attorney
P. O. Box 1667
Montgomery, AL 36102-1667

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served upon the Petitioner by placing a true copy of the same in the United States Mail, first-class postage prepaid and properly addressed to him at Alfonzo Norman, #11288-002, Federal Correctional Institute, P.O. Box 34550, Memphis, TN 38184 on this the _29_ day of _January_ 2007.

ELEANOR I. BROOKS
DISTRICT ATTORNEY

By:    Tom McCarthy (MCC030)
Deputy District Attorney

# State's Exhibit 1

**State's Exhibit 2**

GJ NO. ___ 232 ___

THE STATE OF ALABAMA

v.

ALFONSO NORMAN, alias

b/m, 7/23/72, 3773 Riviera Rd.

SID NO. ___ ARREST DATE 12/03/90

FOR

POSSESSION/RECEIPT OF CONTROLLED SUBSTANCE

Presented in open Court by the Foreperson of
the Montgomery County Grand Jury in the
presence of _____ other members of
the Grand Jury and filed this _____ day of
_____ 19 ___

Clerk of the Circuit Court of Montgomery County

A TRUE BILL.

Foreperson of Grand Jury

No Prosecutor

BAIL IN THIS CASE IS FIXED AT

$ 2,000.00

Judge of Circuit Court of Montgomery County

CC NO. _____

WITNESSES

D.L.  Whittle, MPD
G.L.  Graves, MPD
W.E.  Gorden, MPD
A.  Mitchell, FDS
Allen Chapell, 4317 Radburn Rd.
Rodney LaSalle Harris, 809 Burbank Dr.
Deneco Eric Nettles, 1306 Jordan ST.
Haywood Norman, 3773 Riveria Rd.

# THE STATE OF ALABAMA

## MONTGOMERY COUNTY

Circuit Court of Montgomery County. _____ February _____ Term. A. D. 19 __91__

**The Grand Jury of said County charge that before the finding of this indictment,**

ALFONSO NORMAN, alias
AL NORMAN,

whose name is otherwise unknown to the Grand Jury, did unlawfully and

willfully possess COCAINE, a controlled substance, in violation of Section

13A-12-212 of the Code of Alabama,

against the peace and dignity of the State of Alabama.

_District Attorney, Fifteenth Judicial Circuit of Alabama_

| State of Alabama Unified Judicial System  Form C-44   Rev 6/88 | EXPLANATION OF RIGHTS AND PLEA OF GUILT (AFTER INDICTMENT) | Case Number CC. 91-3901 |
|---|---|---|

IN THE _Circuit_ COURT OF _Montgomery_ COUNTY

STATE OF ALABAMA v. _Alfonzo Norman_

**TO THE ABOVE NAMED DEFENDANT:**

This is to inform you of your rights as a defendant in this criminal case. Under the indictment returned against you in this case by the Grand Jury of this county, you are charged with the crime of _Possession of Cocaine_ which is a Class _C_ Felony. In the event you plead guilty to said crime, or if the jury finds that you are guilty of said crime, the law provides for punishment by imprisonment in the penitentiary for not less than _1_ nor more than _10_ for such offense and by imposition of a fine not to exceed $ _5,000_. Provided further that at a sentencing hearing should the State of Alabama prove to this Court that prior to committing this offense, you have previously been convicted of any one (1) felony, then the said imprisonment term must be for not less than _____ nor more than _____, and a fine not to exceed $ _____. Likewise, if the State proves you have been so convicted of any two (2) prior felonies, then the said imprisonment term must be for not less than _____ nor more than _____ and a fine not to exceed $ _____. And, if the State proves that you have been so convicted of any three (3) prior felonies, then the said imprisonment must be for not less than _____ nor more than _____, and a fine not to exceed $ _____.

Further, you may be ordered to pay restitution in an amount determined by the court, for the use and benefit of the victim of your criminal offense.

In accordance with §15-23-17, Code of Alabama 1975, you shall be ordered to pay a victim compensation assessment of not less than $25,00 nor more than $10,000.

IN ENTERING A PLEA OF GUILTY IN THIS COURT, YOU ARE WAIVING A TRIAL BY JURY AND THE FOLLOWING RIGHTS TO WHICH YOU ARE ENTITLED IN THE EVENT OF A JURY TRIAL.

Under the Constitutions of the United States and of the State of Alabama, you have a right or privilege not to be compelled to give evidence against yourself. In the trial of your case before the jury, you have the right to take the witness stand and to testify on your own behalf, if you so desire, but no one can require you to so testify. If you testify, you can be cross-examined by the State. If you do not testify, no one can even comment to the jury as to your failure to testify. You have the right to remain absolutely silent, but anything that you voluntarily say, with knowledge of your rights, may be used against you. Your conversations with your attorney are confidential and cannot, and will not, be disclosed by your attorney.

You have the right to stand on your plea of not guilty, and the right to a public trial before a duly selected jury. In a jury trial, the jury would determine whether you are guilty or whether you are innocent, based upon the evidence in the case.

In the trial of your case, your attorney could subpoena witnesses on your behalf, make legal objections to matters that he felt were objectionable, cross-examine the witnesses of the State, examine your own witnesses, and argue the matter before the jury. He would be bound to do everything that he could honorably and reasonably do to see that you obtain a fair and impartial trial. You have the right to have witnesses subpoenaed to testify as to pertinent facts in your favor.

In the trial of your case, you will come into court clothed with a presumption that you are not guilty and this presumption of innocence will follow you throughout the course of the trial until the evidence produced by the State convinces each juror, beyond a reasonable doubt of your guilt. The burden of proof is upon the State of Alabama to convince each and every juror, from the evidence in the case, that you are guilty beyond a reasonable doubt before the jury would be authorized to find you guilty. If the State does not meet such burden of proof, it will be the jury's duty to find you not guilty. You will have no burden of proof whatsoever in your trial.

To the charges set forth in the indictment, you have the right to enter a plea of guilty, not guilty, not guilty by reason of mental disease or defect, and not guilty and not guilty by reason of mental disease or defect. You will enter a plea of guilty only if you are actually guilty of said crime and if you do not desire a jury trial. IF YOU PLEAD GUILTY, THERE WILL BE NO JURY TRIAL, AS HAS BEEN HERETOFORE EXPLAINED TO YOU.

Your attorney will go over these rights with you, but if you have any questions about any of them, please ask the undersigned judge and he will make further explanation thereof to you.

DATE _5/21/91_                                   RECEIVED MAY 24 1991

Comes the defendant in the above-styled cause and states to the Court that he has read, or has had read to him, the matters and things hereinabove set forth; that his attorney has thoroughly gone over said matters and things with him and that he, the defendant, thoroughly understands them; that he is not under the influence of any drugs, medicines or alcoholic beverages and has not been threatened or abused or offered any inducement or reward to get him to plead guilty. Defendant further states to the Court that he is guilty as charged, in this case, and desires to plead guilty.

DATE _5-21-91_                    DEFENDANT _Alfonso Norman_

Comes the attorney for the above-styled defendant and certifies that the above and foregoing rights were read by the defendant in my presence, or were read to him by me, that I discussed such rights with the defendant, in detail, and that a written copy of the above rights was given to the defendant or his attorney. Having gone over his rights with the defendant, in my judgment, the defendant understands his rights.

DATE _5-21-91_                    ATTORNEY _George W. Cameron, Sr._

Filed in Office This Date: _____        Clerk _____ By _____

**IN THE CIRCUIT COURT**
**FOR THE FIFTEENTH JUDICIAL CIRCUIT**

ALFONZO NORMAN                    )
           Petitioner,            )
                       )
                       )
v.                                )    Case No.  CC-91-398.60
                       )
STATE OF ALABAMA                  )
           Respondent.           )
                       )
                       )

**ORDER**

This Court, having reviewed the Petitioner's "Petition for Relief from Conviction or Sentence" filed pursuant to Rule 32, <u>A.R.Crim.P.</u>, and the State's "Answer and Motion for Summary Disposition," hereby finds as follows:  As a basis for this petition, Petitioner alleges the following grounds:  The Petitioner's conviction and sentence were in violation of the U.S. Constitution in that Petitioner was not adequately made aware of his rights prior to his entering a plea of guilty, and the indictment charging the Petitioner did not sufficiently enumerate all the elements of the charged offense.

The Petitioner's claim that his conviction and sentence for unlawful possession of a controlled substance were obtained in violation of his constitutional rights is without merit and is legally and factually incorrect. The indictment charging Petitioner with unlawful possession of a controlled substance properly enumerated the elements of the offense and put Petitioner on proper notice of the allegations against him. Further, Petitioner was adequately made aware of his constitutional rights on the day he entered into a plea of guilty. Petitioner acknowledged in writing that he was aware of his rights and charge against him and, therefore, made his decision to plead guilty knowingly and voluntarily.

RECEIVED
3-1-07
CIRCUIT COURT CLERK

This Court has considered this petition **on its merits** and finds that Petitioner is not entitled to the relief sought in either case number.

For the above reasons, this Petition is due to be and is hereby **DISMISSED, with prejudice. All costs are taxed to Petitioner.**

**DONE** this the ___1___ day of ___M. March___, 2007.

_____
EUGENE W. REESE
CIRCUIT JUDGE

cc:    Tom McCarthy, DDA

      Alfonzo Norman
      #11288-002
      Federal Correctional Institute
      P.O. Box 34550
      Memphis, TN 38184

Alphonso Norman
Reg. No 11288-002
Federal Correctional Institution
Box 34550
Memphis, TN  38184-0550

CC 91-398.60

IN THE
CRIMINAL COURT OF APPEALS
FOR THE
STATE OF ALABAMA

Alphonso Norman

    Appellant

vs

STATE OF ALABAMA

    Appellee



In The Circuit Court of the
Fifteenth Judicial Circuit
Montgomery County, Alabama

Case No. CC-91-398.60

N O T I C E   O F   A P P E A L

      Please take notice that this is Appellant's Notice of Appeal to the

Order of Dismissal, dated March 1, 2007 -- of Appellant's Motion for Relief

pursuant to the provisions of Rule 32: Post Conviction Petition.

      Appellant states that this Notice of Appeal is timely filed pursuant

to the applicable Alabama rules and provisions. ($100.00 filing fee noted) *

Respectfully submitted,

*Alphonso Norman*
Alphonso Norman
Reg No 11288-002
Federal Correctional Institution
Memphis, Tennessee  38184-0550

(*) under separate cover

PROOF OF SERVICE

      I, Alphonso Norman, hereby swear under penalty of perjury that a
true copy of the foregoing is being mailed to the Office of the District
Attorney, Fifteen Judicial District, Montgomery Alabama this 13 day of
March 2007.

/s/ *Alphonso Norman*
    Alphonso Norman



REV. 4/1/97

**NOTICE OF APPEAL TO THE ALABAMA COURT OF CRIMINAL APPEALS
BY THE TRIAL COURT CLERK**

| ALFONSO NORMAN | V. | STATE OF ALABAMA |
|---|---|---|

APPELLANT'S NAME                                                                                                          APPELLEE
(as it appears on the Indictment)

[ ✓ ] CIRCUIT [   ] DISTRICT        [   ] JUVENILE COURT OF _____ MONTGOMERY _____ COUNTY

CIRCUIT/DISTRICT/JUVENILE JUDGE: _____ EUGENE REESE _____

| DATE OF NOTICE OF APPEAL: | 3/13/07 |
|---|---|

(NOTE: If the appellant is incarcerated and files notice of appeal, this date should be the date on the certificate of service, or if there was no certificate of service, use the postmark date on the envelope.)

**INDIGENCY STATUS:**
Granted Indigency Status at Trial Court                              [ ✓ ] Yes   [   ] No
Appointed Trial Counsel Permitted to Withdraw on Appeal:            [   ] Yes   [ ✓ ] No
Indigent Status Revoked on Appeal:                                  [   ] Yes   [ ✓ ] No.

**DEATH PENALTY:**
Does the appeal Involve a case where the death penalty has been imposed?   [   ] Yes   [ ✓ ] No.

**TYPE OF APPEAL:** (Please check the appropriate block)

| [ ] State Conviction | [ ] Pretrial Appeal by State | [ ] Juvenile Transfer Order |
|---|---|---|
| [✓] Rule 32 Petition | [ ] Contempt Adjudication | [ ] Juvenile Delinquency |
| [ ] Probation Revocation | [ ] Municipal Conviction | [ ] Habeas Corpus Petition |
| [ ] Mandamus Petition | [ ] Writ of Certiorari | [ ] Other (Specify) |

IF THIS APPEAL IS FROM AN ORDER DENYING A PETITION (I.E. RULE 32 PETITION, WRIT OF HABEAS CORPUS, ETC.) OR FROM ANY OTHER ORDER ISSUED BY THE TRIAL JUDGE, COMPLETE THE FOLLOWING:

TRIAL COURT CASE NO.: _____ CC 91-398.60

DATE ORDER WAS ENTERED: _____ 3/01/07                    PETITION: [✓] Dismissed [ ] Denied [ ] Granted

IF THIS IS AN APPEAL FROM A CONVICTION, COMPLETE THE FOLLOWING:

DATE OF CONVICTION: _____          DATE OF SENTENCE: _____

YOUTHFUL OFFENDER STATUS:

Requested: [ ] Yes [ ] No      Granted: [ ] Yes [ ] No

LIST EACH CONVICTION BELOW: (attach additional page if necessary)

1.  Trial Court Case No. _____          CONVICTION: _____
    Sentence: _____
2.  Trial Court Case No. _____          CONVICTION: _____
    Sentence: _____
3.  Trial Court Case No. _____          CONVICTION: _____
    Sentence: _____

| POST-JUDGMENT MOTIONS FILED: (complete as appropriate) | Date Filed | Date Denied | Continued by Agreement To(Date) |
|---|---|---|---|
| [ ] Motion for New Trial ................................... | _____ | _____ | _____ |
| [ ] Motion for Judgment of Acquittal .......................... | _____ | _____ | _____ |
| [ ] Motion to Withdraw Guilty Plea ............................ | _____ | _____ | _____ |
| [ ] Motion in Arrest of Judgment ............................. | _____ | _____ | _____ |
| [ ] Other ................................................. | _____ | _____ | _____ |

| COURT REPORTER (S) .................. | N/A |
|---|---|
| ADDRESS: ................................ | |

| APPELLATE COUNSEL: ................ | N/A |
|---|---|
| ADDRESS: ................................ | |

| APPELLANT: (IF PRO SE) .............. | AIS#  11288-002 ALPHONSO NORMAN |
|---|---|
| ADDRESS: ................................ | PO BOX 34550 |
| | MEMPHIS, TN. 38184-0550 |

| APPELLEE (IF CITY APPEAL).... | N/A |
|---|---|
| ADDRESS: ................................ | |

I certify that the information provided above is accurate and
to the best of my knowledge and I have served a copy of this
Notice of Appeal on all parties to this action on
this __26 TH__ day of __MARCH__ , __2007__ .

_Melissa Rittenow_
CIRCUIT COURT CLERK

| State of Alabama<br>Unified Judicial System<br><br>From ARAP - 14  Rev. 11 / 91 | **CERTIFICATE OF COMPLETION AND<br>TRANSMITTAL OF RECORD ON<br>APPEAL BY TRIAL CLERK** | Appellate Case Number<br><br>CR 06-1067 |
|---|---|---|

| TO: THE CLERK OF<br>THE COURT OF CRIMINAL APPEALS OF ALABAMA | DATE OF<br>NOTICE OF APPEAL:    3/13/07 |
|---|---|

| APPELLANT               ALFONSO NORMAN |
|---|
| v. STATE OF ALABAMA |

    I certify that I have this date completed and transmitted herewith to the appellate court the record on appeal by assembling in ( a single volume of __35__ pages) (_____ volumes of 200 pages each and one volume of _____ pages) the clerk's record and the reporter's transcript and that one copy each of the record on appeal has been served on the defendant and the Attorney General of the State of Alabama for the preparation of brief.

    I certify that a copy of this certificate has this date been served on counsel for each party to the appeal.

DATED this____2nd____ day of ____APRIL____, __2007__.


_Melissa Rittenour_
Circuit Clerk

DOCKET NUMBER CR-06-1067

IN THE
COURT OF CRIMINAL APPEALS
FOR THE
STATE OF ALABAMA

Attorney
General
Copy

==================================

ALFONSO NORMAN

Appellant-Petitioner

vs

STATE OF ALABAMA

Appellee-Respondent

FILED

APR 2 3 2007

CLERK
ALA COURT CRIMINAL APPEALS

=================================================

ON APPEAL FROM MONTGOMERY CIRCUIT COURT
(CC91-398.60) FIFTEENTH JUDICIAL CIRCUIT
MONTGOMERY, ALABAMA

=================================================

B R I E F   O F   A P P E L L A N T

Alphonso Norman (Pro Se)

=================================================

Alfonso Norman
Reg No. 11288-002
Federal Correctional Institution
Box 34550
Memphis, Tennessee  38184-0550

A Pro Se Litigant

o 0 o

EXHIBIT B

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument in this case is not requested because the record and briefs in this case adequately set forth the facts and law.  Ala.R.App.P. 32.

## TABLE OF CONTENTS

| | Page |
|---|---|
| STATEMENT REGARDING ORAL ARGUMENT ................................. | (i) |
| TABLE OF CONTENTS .................................................. | (ii) |
| TABLE OF AUTHORITIES .............................................. | (iii)(iv) |
| STATEMENT OF THE CASE .............................................. | 1 |
| STATEMENT OF THE ISSUES ........................................... | 2-3 |
| STATEMENT OF THE FACTS ............................................ | 4-5 |
| STATEMENT OF THE STANDARD OF REVIEW ............................... | 6 |
| SUMMARY OF THE ARGUMENT ........................................... | 7-8 |
| ARGUMENT .......................................................... | 9-14 |
| CONCLUSION ........................................................ | 15 |
| CERTIFICATE OF SERVICE ............................................ | 16 |

## A P P E N D I X

| | |
|---|---|
| LIST OF ADVERSE RULINGS ........................................... | 17 |
| ADDENDUM .......................................................... | 18 |
| COPY OF STATUTES, RULES AND REGULATIONS ........................... | 18(a)(b)(c)(d)(e)(f) |

> 18(a)    Rule 32.1(b) Ala.R.Crim.P
>
> 18(b)    Alabama Code 13A-12-212
>
> 18(c)    Alabama Rules Criminal Procedure 13.2(A)
>
> 18(d)    Alabama Code 15-8-25
>
> 18(e)    Alabama Rules Criminal Procedure 14.4(a)(1)(i). (b)
>
> 18(f)    U.S. Constitution, Fifth & Sixth Amendments

## TABLE OF AUTHORITIES  Cont.

**CASE(s)**                                                                    **PAGE(s)**

Bearden v. State,
882 So.2d 868, 870...................................................6

Boykin v. Alabama,
395 U.S. 238, 23 L.Ed.2d 274-283 (1969)......................2,12

Bowen v. State,
899 So.2d 310 (2004)...............................................13

Childers v. State,
899 So.2d 1023 (2003)..............................................10

Clark v. State,
294 Ala. 485, 488, 318 So.2d 805, 807-08 (1974)..............3,13

Cogman v. State,
870 So.2d 762 (2003)..............................................2,9

Elliot v. State,
601 So.2d 1118, 1119 (1992)........................................6

Haines v. Keiner,
404 U.S. 519, 30 L.Ed.2d 652 (1972)................................6

Hamlin v. U.S.,
418 U.S. 87 41 L.Ed.2d 590 (1974).................................11

Henderson v. Morgan,
426 U.S. 637, 49 L.Ed.2d 108 (1976).............................2,13

Rawls v. State,
585 So.2d 241 (1991)..............................................2,9

Smith v. O'Grady,
312 U.S. 329, 334 (1941)........................................2,13

Stano v. Dugger,
921 F.2d 1125 (11th Cir. 1991)....................................13

United States v. Bobo,
344 F.2d 1076, 1083 (11th Cir. 2003)..............................11

United States v. Camacho,
233 F.3d 308 (11th Cir. 2001).....................................14

# TABLE OF AUTHORITIES

**CASE(s)**                                                    **PAGE(s)**

United States v. Carrol,
105 U.S. 611, 612 (1881)...................................11

United States v. Chilcote,
724 F.2d 1498 (11th Cir. 1984)............................10

United States v. Fern,
155 F.3d 318 (11th Cir. 1998).............................10

United States v. Gold,
743 F.2d 800 (11th Cir. 1984).............................11

United States v. Owens,
858 F.2d 1514 (11th Cir. 1988)............................14

United States v. Peter,
310 F.3d 709 (11th Cir. 2002).............................11

United States v. Sisson,
399 U.S. 267, 26 L.Ed.2d 608 (1970).......................11

United States v. Steven,
784 F.2d 1093 (11th Cir. 1996)............................10

## OTHER AUTHORITIES

**CODE OF ALABAMA**
13A-12-212................................................18(b)
15-8-25...........................................2,7,9,10,18(d)

**ALABAMA RULES OF CRIMINAL PROCEDURE**
13.2(a),(b).......................................2,7,9,10,18(c)
32.1(b)...........................................2,7,9,12,18(a)
14.4(a)(1)(i).....................................2,7,9,12,18(e)
14.4(b)...........................................2,7,9,12,18(e)

**UNITED STATES CONSTITUTION**
FIFTH AMENDMENT...................................7,12,18(f)
SIXTH AMENDMENT...................................7,9,18(f)

## STATEMENT OF THE CASE

1.    Appellant was arrested December 30, 1990 for possession of a controlled substance.  (See C.19).  He was indicted by the Montgomery County grand jury on February 13, 1991.  (See C.19), for possession of a controlled substance in violation of section 13A-12-212 of the Code of Alabama;

2.    On May 21, 1991, Appellant entered a guilty plea to the charge and was subsequently sentenced to five (5) years "Split" Bootcamp.  (C.19).

3.    On June 20, 2006, Appellant filed a motion in the form of a writ in the nature of coram nobis which was subsequently denied by the Honorable Tracey McCooey, June 28, 2006 (See C.19).

4.    Appellant later filed a Petition for Relief from Conviction or Sentence pursuant to Rule 32, Alabama Rules of Criminal Procedure, December 12, 2006.  (See C.14).

5.    The State filed its Response Motion for Summary Disposition on January 29, 2007.  (See C.21) and;

6.    Appellant's petition was eventually Dismissed by the HOnorable Judge Eugene Reese, March 1, 2007.  (See C.31-32).

7.    Appellant timely filed Notice of Appeal (See C.33).  This appeal followed.

## STATEMENT OF ISSUES

Trial Court abused its discretion in dismissing Appellant's Rule 32 petition on the claims of:

### ISSUE ONE

Appellant claimed his 6th Amendment Right to the Constitution of the United States was violated along with Rule 13.2(a)(b) and Alabama Code 1975 15-8-25 in accordance with Rule 32.1(b).

Trial Court lacked jurisdiction to accept Appellant's guilty plea; render judgement or impose sentence. This is true because Appellant's indictment for unlawful possession of a controlled substance was "void" for failing to included any of the elements of the crime of unlawful possession of a controlled substance; specifically, (1) actual or potential physical control; (2) intention to exercise dominion; (3) external manifestation of intent and control.

This was a jurisdictional defect which could not have been waived by Appellant. (See.C. p.10). Rawls v State,585 So. 2nd 241, 1991 Ala.Crim.App. LEXIS 288 (ala.Crim.App. 1991). See also Cogman v State, 870 So. 2nd 762, 203 Ala.Crim.App. LEXIS 65 (Ala.Crim.App.2002).

### ISSUE TWO

Appellant claims his 5th Amendment right to the Constitution of the United States of America was violated and Alabama Rule of Criminal Procedure 14.4(a)(1)(i) and 14.4(b). In accordance with Rule 32.1(b), the court lacked jurisdiction to accept the guilty plea, render judgement of impose sentence. This is true because at Appellant's plea hearing held on May 21, 1991, (See C.--- p.91), the trial court in the plea colloquy failed to inform Appellant of the nature of the charge and the material elements of the offense. See e.g., Boykin v Alabama, 395 US 238 (1969); Smith v O'Grady, 312 US 329, 334 (1941); Henderson v Morgan, 426 US 637 (1976)

-2-

Additionally, at the Change of Plea Hearing the trial court judge failed to make a factual-inquiry to determine if the plea was voluntarily made with an understanding of the nature of the charge and the consequences of the plea, or whether there was a factual basis for the plea (See <u>Clark v State</u>, 294 Ala. 485, 488, 318 So. 2d 805, 807-808 (1974.)

## STATEMENT OF THE FACTS

On 12 December 2006, Appellant filed a Rule 32 petition claiming that the trial court was without jurisdiction to render the judgement or impose sentence or accept a guilty plea. (See C. 3-20). This is true because the indictment was "void" on its face -- not containing any of the elements of the offense of possession of a controlled substance; specifically (1) actual or potential physical control; (2) intentions to dominion; (3) external manifestation of intent to control.

Appellant offered his Indictment as proof (See C.17-18). Appellant also challenged the procedure in which the judge accepted his guilty plea and the entering of judgement as a result of the guilty plea; specifically, not informing Appellant of the nature of the charge or the material elements of the offense, or to make a factual-finding to determine if the plea was voluntarily made with an understanding of the nature of the charged offense.

Moreover, the judge never made a finding that there was a factual-basis for the guilty plea. Appellant offered his case-action summary sheet and an explanation of his rights -- and plea of guilty form as proof. (See C. 19-20).

The State filed its and Motion for Summary Judgement on January 29 (See C.21-30); the State denied Appellant's allegations claiming that his argument was legally and technically incorrect and without merit. (See C.22).

The State subsequently contradicted itself when it conceded that the indictment failed to state the legal definition and elements of the charge "possession" but this this not entitle Appellant to any post-conviction relief.

The State relied on Appellant's Indictment proof. (See C.26-29). The State never refuted the fact that during the change of plea colloquy the trial court never apprised Appellant of the nature of the charge and the material elements of the offense nor did the State refute that the judge failed

-4-

to make a factual inquiry to determine if the plea was voluntarily made with an understanding of the nature of the charge and whether there was a factual basis for the plea of guilty.

The State's argument was that Appellant was advised of his constitutional rights when he signed the Explanation of his Rights and Plea of Guilty Form. (See C.30). The State failed to present any citation(s) supporting their argument nor did the State provide the Transcript of the Change of Plea proceedings.

On March 1, 2007, the Honorable Circuit Court Judge, Eugene Reese Dismissed Appellant's Petition without any explanation or reason for the dismissal nor citation of any authority. (See C.31-32).

Appellant filed a timely Notice of Appeal (See C.33). This appeal followed.

## STATEMENT OF THE STANDARD OF REVIEW FOR EACH ISSUE

The Standard of Review in evaluating the denial of a post-conviction petition is whether the trial court abused its discretion. See Elliot v State 601 So. 2d 1118, 1119 (Ala.Crim.App. 1992). This Court will affirm the trial court's decision, holding to deny a post-conviction petition if the trial court was correct for any reason. See Bearden v State, 882 So. 2d 868, 870 (Ala.Crim.App. 2001).

Appellant further request the court to view his petition with fairness and equal protection under the law and constitution on all claims raised. See Haines v Kerner, 404 US 519, 30 L,Ed 2d 652 (1972)(holding that allegations of a pro se complaint must be viewed "less stringent" than formal pleadings drafted by lawyers).

SUMMARY OF THE ARGUMENT

ISSUE ONE

Trial court erred in dismissing Apellant's Rule 32 petition
on the claim of his Sixth Amendment right to the constitution,
was violated along with Rule13.2 (a),and (b) of Alabama rule
of Criminal Procedure and Alabama Code 1975 15-8-25 in accordance
with rule 32.1 (b) Trial court lack jurisdiction to accept defendant
guilty plea, render judgement or impose sentence. This is true
because the appellant's indictment of unlawful possession of
a controlled substance was void for failing to include any of
the elements of the charge offense specifically (1). actual or
potential physical control, (2). intention to exercise dominion,
(3). External manifestation of intent and control. This was a
jurisdictional defect that could not have been waived.

ISSUE TWO

Trial court erred in dismissing the appellant rule 32 petition
on the claim of his fifth amendment right to the constitution
was violated along with Alabama rule of Criminal procedure 14.4
(a) (1) (i), 14.4 (b) the court was without jurisdiction to accept
the defendant guilty plea, render judgement or to impose sentence.
This is true because at the plea hearing held on 5/21/91(see
C., 19)the Circuit Court Judge during the plea colloquy never
informed the appellant of the nature of the charge and the material
elements of the offense, nor where they alleged in the indictment,
or plea of guilty waiver of rights form. ( see C., 28-30) additionally
the circuit court judge never made a factual inquiry to determine

-7-

if the plea was voluntairly made with and understanding of the
nature of the charge, and if there was any factual basis for
the plea.

ARGUMENT

ISSUE I

Trial Court erred   in dismissing the Appellant's Rule 32 pe-
tition on the claim of his 6th amendment right to the Constitution
was violated along with rule 13.2(a)(b) and Ala.Code 1975 15-8-25
in accordance with rule 32.1(b) Trial Court Lack Jurisdiction to
accept defendant guilty plea, render Judgment of imposed sentence.

The Defendant indictment of unlawful possession of a Controlled
Substance was void for failing to include any of the elements of
the charged offense. (See C.17-18).

Specifically (1). Actual or potential physical control, (2) in-
tention to exercise dominion, (3) External manifestitation of in-
tent and control. See Rawls v. State, 585 So.2nd 241, 1991 Ala.
Crim.App.Lexis 288 (Ala.Crim.App.1991) This was a jurisdictional
defect which could not have been waived by defendant plea of guilty.
See Cogman v. State, 870 So.2nd 762, 2003. In Cogman case denial
of the defendant Ala.R.Crim.P. 32 petition was reversed where de-
fendant alleged that his receiving stolen property indictment was
void for failing to include an essential element of the crime of
receiving stolen property, specifically, the element that defendant
intended to receive the property in question. The Appeals Court
held the indictment was void due to it failure to allege an essential
element of of the offense which was a jurisdictional defect which

-9-

could not have been waived by defendant. In the appellant's case
the indictment didn't allege any elements. See State answer (C.,23)
where it conceded to the fact that the indictment did not state any
of the elements. The Appeals Court has also rule in <u>Childer's</u> <u>v.</u>
<u>State</u>, 899 So.2d. 1023 that the trial court lack jurisdiction to
accept the defendant's guilty plea when and indictment is void for
failing to include the elements. In Childer's case, during the plea
colloquy, the inmate admitted to committing second-degree robbery in
violation of Ala. Code 13-8-42 with two accomplices, but the indict-
ment did not allege that the inmate was aided in the offense by a-
nother, the trial court lacked jurisdiction to accept the inmate guil-
ty plea, and the inmate's Ala Rule Criminal P. 32 petition was there-
fore granted. The same principle of law should apply in Appellant
case as in <u>Cogman</u> and <u>Childers</u>.

An indictment must contain every elements of the charge offense
to pass constitutional muster. <u>United States</u> <u>v.</u> <u>Fern</u>, 155 F.3d 1318
(11th Cir. 1998), <u>United States v. Steven</u>, 784 F.2d 1093 (11th Cir.
1996). This is because the 6th amendment gurantees every defendant
the right to be informed of the government's accusation against him.
<u>United States</u> <u>v.</u> <u>Chilcote</u>, 724 F.2d 1498 (11th Cir. 1984). Alabama
Rule of Criminal Procedure 13.2(a) and Ala. Code 1975 15-8-25 re-
quires "An indictment must state the facts constituting the offense
in ordinary and concise language, without proxlixty or repetition,
in such a manner as to enable a person of common understanding to

-10-

know what is intended and with the degree of certainty which will enable the court, on conviction to pronounce the proper judgment. United States v. Gold, 743 F.2d 800 (11th Cir. 1984). If an indictment fails to allege an offense, the defendant may challenge it even after he has completed serving his sentence. United States v. Peter 310 F.3d 709 (11th Cir. 2002). (Granting Coram Nobis relief.) If this indictment tracks the language of the Statute it need be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, common under the general description, with which he is charged. Additionally when the indictment uses generic terms it must state the offense with particularity. United States v. Bobo, 344 F.2d 1076, 1083 (11th Cir. 2003). Holding that health care fraud indictment was deficient, because it failed to adequately allege factual basis of charge. If a statute omits an essential elements of the offense, or include it only by implication, then pleading the statutory language will not suffice, and the omitted elements must be alleged directly and, with certainty. Affirmative defense on the other hand need not be negated in the indictment. United States v. Sisson 399 U.S. 267 (1970). Hamling v. U.S., 418 U.S. 87, 117, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974): Stating that an indictment must "fully directly, and expressly without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished. (quoting United States v. Caroll, 105 U.S. 611, 612, 26 L.Ed. (1881).

ISSUE II

Trial Court erred in dimissing the appellant Alabama Rule 32

petition on the claim of his 5th amendment right to the constitu-

tion of the United States of America was violated along with Alabama

Rule of Criminal Procedure 14.4(a)(1)(i), a 14.4(b) and in accordance

with Alabama rule 32.1(b) the Court was without jurisdiction to ac-

cept the guilty plea, render judgment or to impose sentence. This is

true because at the plea Hearing held on 5/21/91 (See C.,19) the

Circuit Court judge during the plea colloquy never informed the de-

fendant of the nature of the charge and the material elements of

the substantive offense, nor where they alleged in the indictment,

or plea of guilty waiver of rights Form. (See C.,28-30). Additionally

the Circuit Court judge never made a factual inquiry to determine if

the plea was voluntarily made with an understanding of the nature of

the charge and if there was any facutal basis for the plea.

The appellant was never apprised of the elements of the offense

and for this reason he had not entered into a voluntary and knowing

plea, based on a sufficient factual basis. (See C., 17-20) Boykin v.

Alabama, 395 U.S. 238, S.Ct. 1709, 23 L.Ed.2d 274 (1969). This was a

violation of Alabama Rule Criminal Procedure 14.4(a)(1)(i), and 14.4

(b) to be valid, a guilty plea must be made voluntarily and with a

full knowledge of the consequences. Subsection (a)(1) requires a com-

plete colloquy to ensure that the defendant understand what the plea

cannotes and its consequences as required by Boykin v. Alabama, 395

-12-

U.S. 238 (1969) (See) <u>Stano</u> <u>v</u>. <u>Dugger</u>, 921 F.2d 1125 (11th Cir. 1991).
Subsection (i) requires that the nature of the charge and the material
elements of the offense be explained so that the defendant knows what
he is accused of. <u>Bowen</u> <u>v</u>. <u>State</u>, 899 So.2d 310, 2004 Ala.Cr.App.Lexis
153 (Ala.Crim.P.2004). In <u>Bowen</u> the defendant's Ala.R.Crim.P.32 pe-
tition for Post Conviction Relief was remanded, as it was unclear
whether the trial court informed the defendant of the nature of the
charge, including it elements. The same rule was violated in appellant's
case and the State never produced the transcript the appellant offered
his indictment his criminal docket sheet and his waiver of right plea
of guilty form as proof (See C., 17-20)

Real notice of the charge is the first and most universally re-
cognized requirement of due-process. <u>Smith</u> <u>v</u>. <u>O'Grady</u>, 312 U.S. 329,
334 (1941). Because the defendant was not properly informed of the
elements of the offense to which he was entering his guilty plea, the
plea was not "knowing and voluntary" and had to be set aside. In
Short, the defendant must have adequate notice and understanding of
the nature of the charge, to which he was pleading guilty, <u>Henderson</u>
<u>v</u>. <u>Morgan</u>, 426 U.S. 637 (1976). The instant provision is design to
meet that requirement. Notwithstanding the acceptance of a plea of guilty
the court shall not enter a judgment upon such a plea of guilty with-
out being satisfied that there is a factual basis for the plea. Sec-
tion (b) satisfies the requirement in <u>Clark</u> <u>v</u>. <u>State</u>, 294, Ala. 485,
318 So.2d 805, 807-808 (1974). Holding that "In a plea of guilty pro-

ceeding the judge should undertake a factual inquiry to determine if the plea is voluntarily made with an understanding of the nature of the charge and the consequences of the plea. Further, the judge should be satisfied that there is a factual basis for the plea. In Appellant's case the rule was not followed and the record shows this is the case at hand. In such proceeding a trier of facts does not seek to determined if the accused's action would justify a conviction of the full charge contained in an indictment but only if such action satisfies the degree of guilt admitted by the plea!

In Appellant's case there was no in Court statements from the defendant in the record, the District Attorney never provided a Forensic Lab Report, and there was no witness stating the substance found was actually a controlled substance, in actuallity, the substance could have been no more than billard chalk. The Court must be presented with evidence from which it can reasonably find that the defendant is guilty. United States v. Camacho, 233 F.3d 308 (11th Cir. 2001). There is no requirement when accepting a guilty plea that there be uncontroverted evidence of the defendant guilt. Instead, there must simply be evidence from which a court could reasonably find that the defendant was guilty, a factual basis for the plea. United States v. Owens, 858 F.2d 1514 (11th Cir. 1988).

-14-

## CONCLUSION

Appellant's Rule 32 Petition was meritorious on its face. The Circuit Court Judge abused its discretion by not holding an evidentiary hearing and vacating Appellant's conviction.

Wherefore, the Appellant request the Honorable Court vacate Appellant's conviction or, in the alternative, remand the case back to the Circuit Court with assignment to a different judge to preside over the evidentiary hearing.

This is necessary because the presiding judge, Eugene Reese, conducted the change of plea hearing where Appellant entered his guilty plea, and where the alleged errors occured. Thus, Appellant believes that Judge Reese could not be fair and impartial in reviewing allegations of errors committed in his court when reviewing Appellant's petition and allegations at the evidentiary hearing.

## CERTIFICATE OF SERVICE

I, Alfonso Norman, a pro se litigant, hereby certify that on this 30 day of April, 2007, one (1) copy of the foregoing Brief is being served via U.S. Mail, first class mail, prepaid postage, addressed to:

OFFICE OF THE ATTORNEY GENERAL
COURT OF CRIMINAL APPEALS
P.O. BOX 301555
MONTGOMERY, ALABAMA  36130-1555


/s/ _Alfonso Norman_
Alfonso Norman
Box 34550-11288006
FCI-Memphis, TN  38184-0550


### CERTIFICATION OF FONT AND TYPE STYLE
### PURSUANT TO RULE 32(a)(5), Ala.R.App.P.

Pursuant to Alabama Rule of Appellate Procedure 32(a)(5) I hereby certify under penalty of perjury that the Font and Type Style used in this pleading is all that is available here at the Federal Correctional Institution, Memphis, Tennessee, and that I have done everything in my power to comply with the Rule as a pro se litigant.  This is the closest approximation reasonably available.


/s/ _Alfonso Norman_
Alfonso Norman

-16-

**APPENDIX**

## LIST OF ADVERSE RULINGS

1.    On March 1, 2007, the Circuit Court Ordered Dismissal of Appellant's Rule 32 Petition.

**ADDENDUM**

Rule 32.1

(a) The constitution of the United States or of the State of Alabama requi
a new trial, a new sentence proceeding, or other relief.

(b) The court was without jurisdiction to render judgment or to impo
sentence.

(c) The sentence imposed exceeds the maximum authorized by law or
otherwise not authorized by law.

(d) The petitioner is being held in custody after the petitioner's sentence ha
expired.

(e) Newly discovered material facts exist which require that the convictio
or sentence be vacated by the court, because:

(1) The facts relied upon were not known by the petitioner or the petitioner'
counsel at the time of trial or sentencing or in time to file a posttrial motion
pursuant to Rule 24, or in time to be included in any previous collateral
proceeding and could not have been discovered by any of those times through
the exercise of reasonable diligence;

(2) The facts are not merely cumulative to other facts that were known;

(3) The facts do not merely amount to impeachment evidence;

(4) If the facts had been known at the time of trial or of sentencing, the
result probably would have been different; and

(5) The facts establish that the petitioner is innocent of the crime for which
the petitioner was convicted or should not have received the sentence that the
petitioner received.

(f) The petitioner failed to appeal within the prescribed time from the
conviction or sentence itself or from the dismissal or denial of a petition
previously filed pursuant to this rule and that failure was without fault on the
petitioner's part.

A petition that challenges multiple judgments entered in more than a single
trial or guilty-plea proceeding shall be dismissed without prejudice. (Amended
3-22-02, eff. 8-1-02; Amended 1-13-05, eff. 6-1-05.)

**Editor's note.** — Former similar law: ARCrP, Temporary Rule 20.1.

**Note from reporter of decisions:** The order amending Rule 32.1(f) and Rule 32.2(c), effective June 1, 2005, is published in the Alabama Reporter.

## Committee Comments Effective December 1, 1997

In Cantu v. State, 660 So.2d 1026 (Ala. 1995), the Alabama Supreme Court clarified its holding
in Ex parte Rivers, 597 So.2d 1308 (Ala. 1991). The Court in Cantu held that the failure of a trial
court to properly advise a defendant of the consequences of a guilty plea is not a jurisdictional
defect that may be raised at any time, but that it can be raised in a timely filed Rule 32 petition.
The Court stated that although the failure to inform a defendant of the proper minimum and
maximum sentences that can be imposed is not a jurisdictional defect, such a failure does raise a
question of the voluntariness of a guilty plea based on that misinformation. Because the failure
goes to the voluntariness of the plea, the plea is subject to collateral challenge, under Boykin v.
Alabama, 395 U.S. 238, 89 S.Ct. 1729, 23 L.Ed.2d 274 (1969). The Court addressed challenges to
the voluntariness of guilty pleas:

"Even though a defendant could file a motion under the provisions of Rule 14 [, Alabama
Rules of Criminal Procedure,] to withdraw a plea of guilty and could appeal a trial court's
ruling on the motion, the defendant would not be precluded from raising, in a timely filed
post-conviction proceeding, the question of the voluntariness of the plea."
660 So.2d at 1029.

If a trial judge fails to strictly comply with the procedural requirements for the entry of a guilty
plea (e.g., fails to properly advise the defendant of the minimum and maximum sentences the
defendant could receive), the defendant may seek to withdraw the plea of guilty and give the trial

OFFENSES AGAINST HEALTH AND MORALS                    § 13A-12-212

10, 1990 Ala. Crim. App. LEXIS 54 (Ala. Crim. App. 1990); x v. State, 564 So. 2d 1043, 1990 Ala. Crim. App. LEXIS 288 (Ala. Crim. App. 1990); Haynes v. State, 574 So. 2d 893, 1990 Ala. Crim. App. LEXIS 1625 (Ala. Crim. App. 1990); Braxton v. State, So. 2d 1043, 1990 Ala. Crim. App. LEXIS 2085 (Ala. Crim. App. 1990); Hardy v. State, 576 So. 2d 685, 1991 Ala. Crim. App. LEXIS (Ala. Crim. App. 1991); Fields v. State, 582 So. 2d 598, 1991 Ala. Crim. App. LEXIS 435 (Ala. Crim. App. 1991); Taylor v. State, 585 So. 2d 251, 1991 Ala. Crim. App. LEXIS 1144 (Ala. Crim. App. 1991); Green v. State, 586 So. 2d 54, 1991 Ala. Crim. App. LEXIS 1333 (Ala. Crim. App. 1991); Garrick v. State, 589 So. 2d 760, 1991 Ala. Crim. App. LEXIS 1333 (Ala. Crim. App. 1991); Weary v. State, 591 So. 2d 603, 1991 Ala. Crim. App. LEXIS 2506 (Ala. Crim. App. 1991); Green v. State, 602 So. 2d 457, 1992 Ala. Crim. App. LEXIS (Ala. Crim. App. 1992); Peters v. State, 602 So. 2d 479, 1992 Ala. Crim. App. LEXIS 353 (Ala. Crim. App. 1992); Grubbs v. State, 602 So. 2d 498, 1992 Ala. Crim. App. LEXIS 379 (Ala. Crim. App. 1992); x. State, 605 So. 2d 1255, 1992 Ala. Crim. App. LEXIS 1050 (Ala. Crim. App. 1992); Finley v. State, 606 So. 2d 198, 1992 Ala. Crim. App. LEXIS 383 (Ala. Crim. App. 1992); Gandy v. State, 610 So. 2d 1242, 1992 Ala. Crim. App. LEXIS 1073 (Ala. Crim. App. 1992); White v. State, 611 So. 2d 439, 1992 Ala. Crim. App. LEXIS 55 (Ala. Crim. App. 1992); Burks v. State, 611 So. 2d 487, 1992 Ala. Crim. App. LEXIS 1186 (Ala. Crim. App. 1992); Maddox v. State, 620 So. 2d 132, 1993 Ala. Crim. App. LEXIS 104 (Ala. Crim. App. 1993); Madden v. State, 624 So. 2d 1082, 1993 Ala. Crim. App. LEXIS 222 (Ala. Crim. App. 1993); Lane v. State, 625 So. 2d 1178, 1993 Ala. Crim. App. LEXIS 895 (Ala. Crim. App. 1993); Germany v. State, 630 So. 2d 132, 1993 Ala. Crim. App. LEXIS 308 (Ala. Crim. App. 1993); Barnett v. State, 639 So. 2d 527, 1993 Ala. Crim. App. LEXIS 1025 (Ala. Crim. App. 1993); Nye v. State, 639 So. 2d 828, 1993 Ala. Crim. App. LEXIS 1103 (Ala. Crim. App. 1993); Henderson v. State, 641 So. 2d 1299, 1994 Ala. Crim. App. LEXIS 36 (Ala. Crim. App. 1994); Ford v. State, 645 So. 2d 317, 1994 Ala. Crim. App. LEXIS 51 (Ala. Crim. App. 1994); Broaden v. State, 645 So. 2d 368, 1994 Ala. Crim. App. LEXIS 260 (Ala. Crim. App. 1994); Watson v. State, 659 So. 2d 970, 1994 Ala. Crim. App. LEXIS 270 (Ala. Crim. App. 1994); Spencer v. State, 659 So. 2d 1000, 1994 Ala. Crim. App. LEXIS 464 (Ala. Crim. App. 1994); Orr v. State, 665 So. 2d 975, 1994 Ala. Crim. App. LEXIS 494 (Ala. Crim. App. 1994); int v. Tucker, 875 F. Supp. 1487, 1995 U.S. Dist. LEXIS 301 (N.D. Ala. 1995); Shaw v. State, 668 So. 2d 98, 1995 Ala. Crim. App. LEXIS 88 (Ala. Crim. App. 1995); Holland v. State, 668 So. 2d 107, 1995 Ala. Crim. App. LEXIS 109 (Ala. Crim. App. 1995); Anderson v. State, 668 So. 2d 159, 1995 Ala. Crim. App. LEXIS 235 (Ala. Crim. App. 1995); Inabinett v. State, 668 So. 2d 170, 1995 Ala. Crim. App. LEXIS 277 (Ala. Crim. App. 1995); Burks v. State, 689 So. 2d 447, 1996 Ala. Crim. App. LEXIS 236 (Ala. Crim. App. 1996); Watkins v. State, 708 So. 2d 236, 1997 Ala. Crim. App. LEXIS 346 (Ala. Crim. App. 1997); Johnson v. State, 716 So. 2d 745, 1997 Ala. Crim. App. LEXIS 359 (Ala. Crim. App. 1997); Weakley v. State, 721 So. 2d 233, 1997 Ala. Crim. App. LEXIS 7 (Ala. Crim. App. 1997); Weakley v. State, 721 So. 2d 235, 1998 Ala. LEXIS 127, 32 Ala. B. Rep. 2363 (Ala. 1998); Baxter v. State, 723 So. 2d 810, 1998 Ala. Crim. App. LEXIS 131 (Ala. Crim. App. 1998); Jones v. State, 727 So. 2d 866, 1998 Ala. Crim. App. LEXIS 108 (Ala. Crim. App. 1998); Gandy v. State, 727 So. 2d 892, 1998 Ala. Crim. App. LEXIS 272 (Ala. Crim. App. 1998); Skinner v. State, 843 So. 2d 820, 2002 Ala. Crim. App. LEXIS 193 (Ala. Crim. App. 2002).

RESEARCH REFERENCES

Alabama Law Review. — Survey of 2001 Alabama Legislation, 53 Ala. L. Rev. 1043 (2002).

§ 13A-12-212. Unlawful possession of a controlled substance.

(a) A person commits the crime of unlawful possession of controlled substance if:

(1) Except as otherwise authorized, he possesses a controlled substance enumerated in Schedules I through V.

(2) He obtains by fraud, deceit, misrepresentation or subterfuge or by the alteration of a prescription or written order or by the concealment of a material fact or by the use of a false name or giving a false address, a controlled substance enumerated in Schedules I through V.

(b) Unlawful possession of a controlled substance is a Class C felony.

History. Acts 1982, 3rd Ex. Sess., Nos. 82-839, 82-892; Acts 1987, No. 87-603.

Editor's notes. Former similar law: Code 1975, §§ 20-2-70 and 20-2-76.

Cross references. — This law is referred to in: §§ 12-23-5, 13A-12-281, 13A-12-291.

NOTES TO DECISIONS

Construction with other law.
Control.
Defenses.
Double jeopardy.
Duty of defendant.
Elements.
Evidence — Admissible.
Evidence — Generally.
Evidence — Inadmissible.
Evidence — Insufficient.
Evidence — Sufficient.
Fines.
Guilty plea.
Included offenses.
Instructions.
Intent, knowledge.
Issue of law or fact.
Jurors.
Pleadings.
Possession.
Probable cause.
Procedure — Pretrial.
Procedure — Trial.
Requirements.
Search and seizure.
Sentence — Excessive.
Sentence — Not excessive.
Separate or multiple offenses.
Standing.
When applicable.
Illustrative cases.
Cited.

Construction with other law.
Under the "Drug Crimes Amendments Act of 1987" possession of marijuana is defined in §§ 13A-12-213 (felony) and 13A-12-214 (misdemeanor), and under either section, is a separate offense from the unlawful possession of controlled substances defined in § 13A-12-212. English v. State, 603 So. 2d 1128, 1992 Ala. Crim. App. LEXIS 1054 (Ala. Crim. App. 1992).

Under § 13A-12-281, a fine of $1,000 was mandated for each of defendant's three convictions for first offenses under this section. May v. State, 729 So. 2d 362, 1998 Ala. Crim. App. LEXIS 251 (Ala. Crim. App. 1998).

There is no ambiguity in the word "possession" because § 20-2-93(a)(5) clearly provides that a vehicle that has been used, or that is intended to be used, in any manner to facilitate the possession of a controlled substance is subject to forfeiture and the plain language of subdivision (a)(5) must be enforced. Ex parte Dorough, 773 So. 2d 1001, 2000 Ala. LEXIS 12 (Ala. 2000).

Control.
While some degree of dominion and control over the contraband is a necessary prerequisite to conviction, it is not necessary that this control exist at the time of the arrest. Hamilton v. State, 496 So. 2d 100, 1986 Ala. Crim. App. LEXIS 6064 (Ala. Crim. App. 1986).

Case 2:08-cv-00229-WKW-SRW    Document 13-3    Filed 05/13/2008    Page 27 of 30

cannot waive the absence of an indictment, except under the terms of Amendment 37 and § 15-15-20 (Kennedy v. State, 39 Ala. App. 676, 107 So. 2d 913 (1958)). In support of its holding, the Court said that "the constitutional requisition of indictments generally in all cases of felony is not one conferring a mere personal privilege upon an accused person, but is so imbued with the public concern for due and proper administration of the law that no individual may waive it." 39 Ala. App. 676, 690, 107 So. 2d 913, 926 (1958).

The use of an information in Alabama (except in impeachment proceedings) is set out in Rule 2.2(e).

## CASE NOTES

Complaint.
Cited.

**Complaint.**

The amendability of complaints has been governed, since March 1, 1983, by Rule 13.5, A.R.Cr.P. The rule, by its plain language, applies to all "charges." A complaint is a "charge," pursuant to Rule 13.1(c), A.R.Cr.P. The rule, therefore, makes complaints, like indictments, absolutely non-amendable without the consent of the defendant. Mason v. Vestavia Hills, 518 So. 2d 221, 1987 Ala. Crim. App. LEXIS 5188 (Ala. Crim. App. 1987).

Uniform traffic ticket and complaint is a "complaint" and cannot be amended by a prosecutor's complaint without defendant's consent. Vance v. Hoover, 565 So. 2d 1251, 1990 Ala. Crim. App. LEXIS 156 (Ala. Crim. App. 1990).

Cited in Garrison v. State, 521 So. 2d 997, 1986 Ala. Crim. App. LEXIS 6054 (Ala. Crim. App. 1986); Atmore v. State, 544 So. 2d 979, 1989 Ala. Crim. App. LEXIS 216 (Ala. Crim. App. 1989); Cone v. City of Midfield, 561 So. 2d 1126, 1990 Ala. Crim. App. LEXIS 186 (Ala. Crim. App. 1990); Ex parte Bozeman, 781 So. 2d 165, 2000 Ala. LEXIS 163 (Ala. 2000).

## Rule 13.2. Nature and contents of indictment or information.

(a) IN GENERAL. The indictment or information shall be a plain, concise statement of the charge in ordinary language sufficiently definite to inform a defendant of common understanding of the offense charged and with that degree of certainty which will enable the court, upon conviction, to pronounce the proper judgment.

(b) CHARGING THE OFFENSE. The indictment or information shall state for each separate offense, other than lesser included offenses, the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated.

(c) NOTICE OF NECESSARILY INCLUDED OFFENSES. Specification of an offense in an indictment or information shall constitute a charge of that offense and of all lesser offenses necessarily included therein.

(d) UNNECESSARY ALLEGATIONS. An indictment or information which is in conformity with sections (a) and (b) shall be sufficient. The indictment or information need not contain a formal commencement, a formal conclusion, or any other matter not necessary to the statement of facts, nor need it negative any defense or affirmative defense contained in any statute creating or defining the offense charged. Presumptions of law and matters of which judicial notice is taken need not be stated. It is not necessary to state the precise time or date at which or on which the offense is alleged to have been committed, or the place where the offense is alleged to have been committed unless the time or place is a material element of the offense. Unnecessary allegations may be disregarded as surplusage, and, on motion of the defendant, shall be stricken by the court if prejudicial or prolix.

(e) MOTION FOR MORE DEFINITE STATEMENT. A motion for more definite statement may be made at any time prior to entry of the defendant's plea, which motion shall be granted for good cause shown. A statement filed in compliance with a

Case 2:08-cv-00229-WKW-SRW    Document 13-3    Filed 05/13/2008    Page 28 of 50

## § 15-8-25. Style of language.

An indictment must state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment. In no case are the words "force of arms" or "contrary to the form of the statute" necessary.

### CASE NOTES

General comment.
Compliance.
Construction with other law.
Due process.
Elements.
Findings.
Form requirements.
Included offenses.
Notice.
Pleadings.
Requirements.
Illustrative cases.
Cited.

### General comment.

All that can be required is a substantial conformity to the statutory description; provided the fact is averred, the commission or omission of which constitutes the crime. The degree of certainty, or particularity in the description, must be such as to clearly inform the defendant of the offense charged, and enable the court, in the event of conviction, to pronounce proper judgment. Block v. State, 66 Ala. 493 (1880).

Indictment charging that defendant gave money to another individual with intent to induce him to commit perjury held insufficient under this section under circumstances, including failure of indictment to aver facts that were to be sworn to, and failure to aver proceedings in which alleged swearing was to take place. Rivers v. State, 97 Ala. 72, 12 So. 434 (1893).

Where the indictment contained eight counts, all of which were in the form laid down in the code and the provisions of the statutes were fully complied with, there was no error in the action of the court overruling the demurrers to the indictment. Nickens v. State, 31 Ala. App. 297, 15 So. 2d 633 (1943).

When two or more offences are charged in the same count disjunctively, each separate, alternative charge must contain a substantive offence under the law, and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment. Patterson v. State, 38 Ala. App. 166, 81 So. 2d 344 (1955).

Indictment which follows the language of a statute is sufficient to apprise the defendant of the charges against him, and to allow him to prepare a defense; an indictment which satisfactorily charges an offense, except for its failure to cite the statute, is generally valid. Garrison v. State, 521 So. 2d 997 (Ala. Crim. App. 1986).

A defendant should not be put upon trial unless the facts alleged in the indictment, when fairly interpreted, constitute a crime. Ex parte Allen, 241 Ala. 137, 2 So. 2d 321 (1941).

### Compliance.

Indictment charging that defendant "did attempt to feloniously take and carry away . . ." was sufficient to state an offense. Jackson v. State, 91 Ala. 55, 8 So. 773 (1891).

An indictment that cites the language of the criminal statute provides only the information that the defendant is accused generally of some offense but does not tell him with what offense he is charged, making it impossible for him to prepare and present a defense, and thus the indictment does not meet the mandatory and necessary requirements of the constitution and statute. Likos v. State, 28 Ala. App. 231, 182 So. 81 (1938).

Indictment citing exact language of statute is sufficient Britton v. State, 28 Ala. App. 251, 182 So. 95 (1938).

Indictment complies with this section where it sufficiently apprises defendant of charge against him so as to enable him to prepare his defense, and affords him ample protection against subsequent prosection for same offense. McKinney v. State, 50 Ala. App. 271, 278 So. 2d 719, cert. denied, 414 U.S. 1027, 94 S. Ct. 456, 38 L. Ed. 2d 320 (1973).

### Construction with other law.

Indictment charging defendant with unauthorized practice of medicine was adequate under this section, where only difference between form prescribed in § 15-8-150 and indictment was that code form ended with words "without a license, and contrary to law," while indictment referred to lack of "a certificate of qualification from the state board of medical examiners." Gullatt v. State, 18 Ala. App. 21, 88 So. 371 (1920).

191

Case 2:08-cv-00529-WKW-SRW   Document 13-2   Filed 07/13/2009   Page 33 of 38

Crim. 1985) and through agreements to move for sentence reduction or suspension pursuant to Ala. Code 1975, § 20-2-81(b); Ex parte Sites, 501 So.2d 1262 (Ala. 1986); Ex parte Drewry, 519 So.2d 591 (Ala. Crim. App. 1987).

Note from the reporter of decisions: The order amending Rule 3.6(c)(1), effective August [?], 2002, is published in that volume of *Alabama Reporter* that contains Alabama cases from ... 24.

## CASE NOTES

Reversable error.
When applicable.
Illustrative cases.
Cited.

**Reversable error.**
Where a defendant pled guilty based on a recommended probation agreement with the state but the court did not abide by the agreement, refused to permit guilty plea withdrawal after the court did not follow the agreement was reversible error. Nelson v. State, 866 So. 2d 594, 2002 Ala. Crim. App. LEXIS 249 (Ala. Crim. App. 2002).

**When applicable.**
The State requested, and the court granted, a remand to clarify whether the trial court rejected that portion of the plea agreement providing that upon the State's agreement that the defendant had provided "substantial assistance" in making [?] other drug cases, the State would recommend that the trial court waive the mandatory minimum sentence for trafficking, or whether the trial court inadvertently failed to abide by this provision; if provision was remanded, the defendant should be allowed to withdraw his plea, Chandler v. State, 741 So. 2d 450, 1999 Ala. Crim. App. LEXIS 30 (Ala. Crim. App. 1999).

Subsection (c)(2)(iv) of this rule provides that if a trial court rejects a plea agreement, it must afford the defendant the opportunity to withdraw the defendant's offer to plead guilty. Moore v. State, 871 So. 2d 106, 2003 Ala. Crim. App. LEXIS 108 (Ala. Crim. App. 2003).

**Illustrative cases.**
The trial court effectively rejected the plea agreement by sentencing the appellant to[?] guilty plea, so the judgment was reversed and the cases remanded for compliance with this rule. Griffin v. State, 740 So. 2d 114 (Ala. Crim. App. LEXIS 222 (Ala. Crim. App. 1998).

Defendant should have been given the opportunity to withdraw his guilty plea, as he quitted under subsection (c)(2)(iv), after the trial court rejected the plea agreement and sentenced him to 10 years' imprisonment. Dill v. State, 770 So. 2d 660, 1999 Ala. Crim. App. LEXIS 289 (Ala. Crim. App. 1999).

Where the plea agreement provided for a 20-year split sentence, which was an illegal sentence under Ala. Code § 15-18-8, and defendant's resentencing did not comply with the plea agreement, defendant was entitled to withdraw the plea pursuant to Ala. R. Crim. P. 14.3(c)(2)(iv). Calloway v. State, 860 So. 2d 900, 2003 Ala. Crim. App. LEXIS 14 (Ala. Crim. App. 2003).

**Cited** in Griswold v. City of Enterprise, 384 So. 2d 1219, 1980 Ala. Crim. App. LEXIS 1278 (Ala. Crim. App. 1980); Prim v. State, 616 So. 2d 381, 1993 Ala. Crim. App. LEXIS 231 (Ala. Crim. App. 1993); Huff v. State, 596 So. 2d 16, 1995; Chandler v. State, 741 So. 2d 450, 1999 Ala. Crim. App. LEXIS 30 (Ala. Crim. App. 1999); Austin v. State, 864 So. 2d 1115, 2003 Ala. Crim. App. LEXIS 289; Johnson v. State, 866 So. 2d 900, 2003 Ala. Crim. App. LEXIS 289 (Ala. Crim. App. 2003).

## Rule 14.4. Acceptance of guilty plea.

(a) COLLOQUY WITH DEFENDANT. In all minor misdemeanor cases, the execution of a form similar to Form C-44B will be sufficient and no colloquy shall be required. In all other cases, except where the defendant is a corporation or an association, the court shall not accept a plea of guilty without first addressing the defendant personally in the presence of counsel in open court for the purposes of

(1) Ascertaining that the defendant has a full understanding of what a plea of guilty means and its consequences, by informing the defendant of and determining that the defendant understands:

(i) The nature of the charge and the material elements of the offense to which the plea is offered;

(ii) The mandatory minimum penalty, if any, and the maximum possible penalty provided by law, including any enhanced sentencing provisions;

(iii) If applicable, the fact that the sentence may run consecutively with another sentence or sentences;

(iv) The fact that the defendant has the right to plead not guilty, not guilty by reason of mental disease or defect, or both not guilty and not guilty by reason of mental disease or defect, and to persist in such a plea if it has already been made, or to plead guilty;

(v) The fact that the defendant has the right to remain silent and that he cannot be compelled to testify or give evidence against himself or herself, but has the right, if the defendant wishes to do so, to testify on his or her behalf;

(vi) The fact that, by entering a plea of guilty, the defendant waives the right to trial by jury, the right to confront witnesses against him or her, the right to cross-examine witnesses or have them cross-examined in defendant's presence, the right to testify and present evidence and witnesses on the defendant's own behalf, and the right to have the aid of compulsory process in securing the attendance of witnesses;

(vii) The fact that, if the plea of guilty is accepted by the court, there will not be a further trial on the issue of defendant's guilt; and

(viii) The fact that there is no right to appeal unless the defendant has, before entering the plea of guilty, expressly reserved the right to appeal with respect to a particular issue or issues, in which event appellate review shall be limited to a determination of the issue or issues so reserved; and

(2) Determining that the plea is voluntary and not the result of force, threats, or coercion, nor of any promise apart from the plea agreement that has been disclosed to the court as provided in Rule 14.3(b); and

(3) Giving the defendant an opportunity to state any objections to the manner in which defense counsel may have to defense counsel or to the manner in which defense counsel has conducted or is conducting the defense.

(b) FACTUAL BASIS FOR PLEA. Notwithstanding the acceptance of a plea of guilty, the court shall not enter a judgment upon such plea without being satisfied that there is a factual basis for the plea.

(c) RECORD OF PROCEEDINGS. A verbatim record of the proceedings at which the defendant enters a plea of guilty to a felony shall be made; provided, however, that in district court such record may be made by mechanical or electronic recording certified by the judge accepting the plea. A copy of a written Explanation of Rights and Plea of Guilty similar to Forms C-44B, CR-51, and CR-52 or, in the case of a youthful offender, Form C-44A, executed by the defendant, the defendant's attorney, if any, and the court, shall be filed and made a part of the record.

(d) USE OF FORM. The court may comply with the requirements of Rule 14.4(a) by determining from a personal colloquy with the defendant that the defendant has read, or has had read to the defendant, and understands each item contained in Form C-44B, CR-51, CR-52, or Form C-44A, as the case may be.

(e) WITHDRAWAL OF GUILTY PLEA. The court shall allow withdrawal of a plea of guilty when necessary to correct a manifest injustice. Upon withdrawal of a guilty plea, the charges against the defendant as they existed before any amendment, reduction, or dismissal made as part of a plea agreement shall be

CONSTITUTION

Amend. VII

"Art. I. After the first enumeration required by the first article of the Constitution, there shall be one representation for every thirty thousand, until the number shall amount to one hundred, after which the proportion shall be so regulated by Congress, that there shall be not less than one hundred representatives, nor less than one representative for every forty thousand persons, until the number of representatives shall amount to two hundred; after which the proportion shall be so regulated by Congress, that there shall not be less than two hundred representatives, nor more than one representative for every fifty thousand persons.

"Art. II. No law varying the compensation for the services of the senators and representatives shall take effect, until an election of representatives shall have intervened."

## ARTICLE [II]



A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed.

## ARTICLE [III]

No Soldier shall, in time of peace be quartered in any house, without the consent of the Owner, nor in time of war, but in a manner to be prescribed by law.

## ARTICLE [IV]

The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

## ARTICLE [V]

No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.

## ARTICLE [VI]

In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

## ARTICLE [VII]

In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law.

No. CR-06-1067

In the COURT of CRIMINAL APPEALS
*of ALABAMA*

———————————◆———————————

ALFONSO NORMAN,

Appellant,

v.

STATE OF ALABAMA,

Appellee.

———————————◆———————————

*On Appeal from the Circuit Court of*
*Montgomery County*
*(CC-91-398.60)*

**BRIEF OF APPELLEE**

Troy King
*Attorney General*

J. Thomas Leverette*
*Assistant Attorney General*
Counsel of Record*

State of Alabama
Office of the Attorney General
11 South Union Street
Montgomery, Alabama  36130
(334) 242-7300*

May 23, 2007          tleverette@ago.state.al.us

C

## STATEMENT REGARDING ORAL ARGUMENT

The State does not request oral argument.

## TABLE OF CONTENTS

STATEMENT REGARDING ORAL ARGUMENT........................ i

TABLE OF CONTENTS....................................... ii

TABLE OF AUTHORITIES.................................. iii

STATEMENT OF THE CASE AND FACTS......................... 1

ISSUE PRESENTED FOR REVIEW.............................. 2

STATEMENT OF THE STANDARD OF REVIEW..................... 2

SUMMARY OF THE ARGUMENT................................. 3

ARGUMENT................................................ 3

  The Trial Court Correctly Denied Norman's Second Rule
  32 Petition Without An Evidentiary Hearing, Because
  The Petition Was Time-Barred And Successive ............ 3

CONCLUSION.............................................. 7

CERTIFICATE OF SERVICE.................................. 8

## TABLE OF AUTHORITIES

**Cases**

Cantu v. State, 660 So. 2d 1026 (Ala. 1995)............... 5

Ex Parte Seymour, 946 So. 2d 536 (Ala. 2006)............. 5

Reed v. State, 649 So. 2d 1303 (Ala. Crim. App. 1994)..... 4

Whitt v. State, 827 So. 2d 869 (Ala. Crim. App. 2001)..... 5

Williams v. State, 783 So. 2d 135 (Ala. Crim. App.
  2000) ................................................. 4

**Rules**

A.R.Crim.P.,

  Rule 32.2 ............................................. 6

  Rule 32.2(b) ......................................... 4

  Rule 32.2(c) ......................................... 4

  Rule 32.3 ............................................ 4

  Rule 32.7(d) ......................................... 4

## STATEMENT OF THE CASE AND FACTS

This is a Rule 32 appeal by Alfonso Norman (Norman) from the denial of his Rule 32 petition by the Montgomery County Circuit Court.  Judge Eugene Reese presided.

Norman was sentenced on June 4, 1991, upon his guilty plea to one count of unlawful possession of a controlled substance (cocaine), and received a 5-year prison term, split to serve two years and boot camp.  (C. 19)  He did not appeal his conviction and sentence to this Court.  (C. 4)

Norman is now appealing the denial of his second post-conviction petition.[1]  This Rule 32 petition was filed on or about December 4, 2006. (C. 15)  The State filed its motion for summary disposition on January 29, 2007.  (C. 21-30)  The Rule 32 petition was summarily denied on March 1, 2007.  (C. 31, 32)  No evidentiary hearing was held in this proceeding.

---

[1] The record reflects that Norman filed a previous petition challenging the conviction and sentence, but designated it as a "habeas corpus" petition.  (C. 5, 6)  Under Rule 32.4, A.R.Crim.P.., the "habeas corpus" petition amounted to a Rule 32 petition, and it was denied.  (C. 9)  That denial was not appealed.  (C. 8)

## ISSUE PRESENTED FOR REVIEW

Did the trial court correctly deny Norman's Rule 32 petition without an evidentiary hearing, because the petition was time-barred and successive?

## STATEMENT OF THE STANDARD OF REVIEW

This Court held in <u>Reed v. State</u>, 748 So. 2d 231, 233 (Ala. Crim. App. 1999), concerning the standard of review for a Rule 32 appeal, as follows:

> We apply an abuse of discretion standard of review to the circuit court's denial of a Rule 32, A.R.Crim.P., petition for postconviction relief. *See Elliott v. State*, 601 So.2d 1118 (Ala.Cr.App. 1992). If the circuit court is correct for any reason, even though it may not be the stated reason, we will not reverse its denial of the petition. *See Roberts v. State*, 516 So.2d 936 (Ala.Cr.App. 1987).

2

## SUMMARY OF THE ARGUMENT

The instant second post-conviction petition raised only non-jurisdictional claims. This petition was time-barred and successive. The trial court exercised sound discretion in summarily denying the instant Rule 32 petition.

## ARGUMENT

**The Trial Court Correctly Denied Norman's Second Rule 32 Petition Without An Evidentiary Hearing, Because The Petition Was Time-Barred And Successive.**

Norman raised two issues in his Rule 32 petition. (C. 10-13) The specific claims were that his guilty plea was unlawful, because the indictment did not include every element of the charged offense and that the guilty plea was involuntary, because there was an inadequate plea colloquy. (C. 10-13) Norman is now essentially raising the same two non-jurisdictional issues in this appeal. His issues are successive and time-barred. The trial court exercised sound discretion by summarily denying Norman's instant second Rule 32 petition.

3

Rule 32.3, A.R.Crim.P., states as follows:

> The petitioner shall have the burden of
> pleading and proving by a preponderance of the
> evidence the facts necessary to entitle the
> petitioner to relief. The state shall have the
> burden of pleading any ground of preclusion, but
> once a ground of preclusion has been pleaded, the
> petitioner shall have the burden of disproving its
> existence by a preponderance of the evidence.

Rule 32.7(d), A.R.Crim.P., states as follows:

> (d)  SUMMARY DISPOSITION.  If the court determines
> that the petition is not sufficiently specific, or
> is precluded, or fails to state a claim, or that
> no material issue of fact or law exists which
> would entitle the petitioner to relief under this
> rule and that no purpose would be served by any
> further proceedings, the court may either dismiss
> the petition or grant leave to file an amended
> petition. Leave to amend shall be freely granted.
> Otherwise, the court shall direct that the
> proceedings continue and set a date for hearing.

Rule 32.2(c), A.R.Crim.P., applicable to this case,

prohibits the grant of a Rule 32 petition, raising non-

jurisdictional issues, filed more than two years following

the lapse of time for taking an appeal when there is no

direct appeal.  See Williams v. State, 783 So. 2d 135, 136

(Ala. Crim. App. 2000).  Alleging an issue is

jurisdictional does not make an otherwise non-

jurisdictional issue jurisdictional.  Reed v. State, 649

So. 2d 1303, 1304 (Ala. Crim. App. 1994).  Rule 32.2(b),

4

A.R.Crim.P., prohibits the grant of a second or successive

Rule 32 petition on the same or similar grounds, and if on

different grounds, without a showing of both good cause for

not raising it in the previous petition and that a failure

to entertain it would result in a miscarriage of justice.

See Whitt v. State, 827 So. 2d 869, 872-873 (Ala. Crim.

App. 2001). Issues going to the voluntariness of a guilty

plea must be raised no later than in a timely-filed Rule 32

petition. Cantu v. State, 660 So. 2d 1026, 1028-29 (Ala.

1995). Recently in Ex Parte Seymour, 946 So. 2d 536, 539

(Ala. 2006), the Supreme Court of Alabama held, concerning

defective indictment claims, as follows:

> The validity of Seymour's indictment is irrelevant
> to whether the circuit court had jurisdiction over
> the subject matter of this case. A defect in an
> indictment may be error, see Rule 15.2(d), Ala.R.
> Crim.P.--or even constitutional error, see Ala.
> Const., Art. I, § 8--but the defect does not
> divest the circuit court of the power to try the
> case. A defendant who challenges a defective
> indictment is thus subject to the same preclusive
> bars as one who challenges any other
> nonjurisdictional error, such as an illegal
> seizure or a violation of the Confrontation
> Clause.

Norman's stated issues in his Rule 32 petition did not

raise jurisdictional questions, but they only amounted to

constitutional matters.  As such, the issues were subject

to the Rule 32.2, A.R.Crim.P., preclusion bars.

Norman's conviction became final in 1991.  The instant

second post-conviction petition was filed on or about

December 4, 2006, about thirteen years after the expiration

of the applicable two-year period of limitation.  The

instant Rule 32 petition was time-barred under Rule

32.2(c), A.R.Crim.P..  Furthermore, this was Norman's

second post-conviction petition.  (See footnote 1 herein)

Norman could have raised his instant issues in his previous

petition.  The petition is successive under Rule 32.2(b),

A.R.Crim.P..  Norman's claims were time-barred and

successive.  The trial court exercised sound discretion by

summarily denying Norman's second Rule 32 petition.

## CONCLUSION

This Court should affirm the denial of Norman's second Rule 32 petition, because the petition was time-barred and successive.

Respectfully submitted,

Troy King
*Attorney General*

J. Thomas Leverette
*Assistant Attorney General*

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of May, 2007, I

served a copy of the foregoing on Norman, by placing the

same in the United States Mail, first class, postage

prepaid and addressed as follows:

> Alfonso Norman
> Reg. No. 11288-002
> Federal Correction Institution
> Box 34550
> Memphis, Tennessee  38184-0550

J. Thomas Leverette
Assistant Attorney General


ADDRESS OF COUNSEL:
Office of the Attorney General
Criminal Appeals Division
11 South Union Street
Montgomery, Alabama 36130-0152
(334) 242-7300
271948/106931-001

8

Rel 08/24/2007 Norman
Notice: This unpublished memorandum should not be cited as precedent.  See Rule 54, Ala.R.App.P.  Rule 54(d), states, in part, that this memorandum "shall have no precedential value and shall not be cited in arguments or briefs and shall not be used by any court within this state, except for the purpose of establishing the application of the doctrine of law of the case, res judicata, collateral estoppel, double jeopardy, or procedural bar."

# Court of Criminal Appeals

State of Alabama
Judicial Building, 300 Dexter Avenue
**P. O. Box 301555**
**Montgomery, AL 36130-1555**


**PAMELA W. BASCHAB**
**Presiding Judge**
**H.W."BUCKY" McMILLAN**
**GREG SHAW**
**A. KELLI WISE**
**SAMUEL HENRY WELCH**
**Judges**

Lane W. Mann
Clerk
Gerri Robinson
Assistant Clerk
(334) 229-0751
Fax (334) 229-0521

## MEMORANDUM

CR-06-1067                Montgomery Circuit Court CC91-398.60

<u>Alfonso Norman v. State of Alabama</u>

WELCH, Judge.

Alfonso Norman appeals from the circuit court's summary denial of his Rule 32, Ala. R. Crim. P., petition for postconviction relief. The petition challenged Norman's June 4, 1991, guilty-plea conviction for unlawful possession of a controlled substance and his sentence to five years' imprisonment, split to serve two years and complete boot camp. Norman did not appeal.

The instant petition, Norman's second, was filed on December 12, 2006. In the petition, Norman claimed that the circuit court lacked jurisdiction to render the judgment or to impose the sentence because (1) the indictment charging him

1

*EXHIBIT D*

with unlawful possession of a controlled substance was defective and (2) that his guilty plea was not knowingly and voluntarily entered. The State filed a motion to dismiss, asserting that Norman's claims were without merit. In support of its claim, the State attached as exhibits one and two a copy of Norman's indictment and a copy of Norman's "Explanation of Rights and Plea of Guilt." (CR. 28-30.) On March 1, 2007, the circuit court issued an order stating:

> "The Petitioner's claim that his conviction and sentence for unlawful possession of a controlled substance were obtained in violation of his constitutional rights is without merit and is legally and factually incorrect. The indictment charging Petitioner with unlawful possession of a controlled substance properly enumerated the elements of the offense and put Petitioner on proper notice of the allegations against him. Further, Petitioner was adequately made aware of his constitutional rights on the day he entered into a plea of guilty. Petitioner acknowledged in writing that he was aware of his rights and charge against him and, therefore, made his decision to plead guilty knowingly and voluntarily."

Norman's claims are not supported by the record. As such, the circuit court's summary denial of his Rule 32 petition was appropriate.

For the foregoing reasons, the judgment of the circuit court is due to be affirmed.

AFFIRMED.

Baschab, P.J., and McMillan, Shaw, and Wise, JJ., concur.

# COURT OF CRIMINAL APPEALS
## STATE OF ALABAMA

Lane W. Mann
  Clerk
Gerri Robinson
  Assistant Clerk



P. O. Box 301555
Montgomery, AL 36130-1555
(334) 229-0751
Fax (334) 229-0521

September 14, 2007

### CR-06-1067

Alfonso Norman v. State of Alabama  (Appeal from Montgomery  Circuit Court:
CC91-398.60)

### <u>NOTICE</u>

You are hereby notified that on September 14, 2007 the following action was taken in the
above referenced cause by the Court of Criminal Appeals:

Application for Rehearing Overruled.

**Lane W. Mann, Clerk**
**Court of Criminal Appeals**

cc: Hon. Melissa Rittenour, Circuit Clerk
    Alfonso Norman, Pro Se
    J. Thomas Leverette, Asst. Atty. Gen.

*EXHIBIT E*

# IN THE SUPREME COURT OF ALABAMA

*106931*
*Rexeuta*



November 9, 2007

**1070027**

Ex parte Alfonso Norman.  PETITION FOR WRIT OF CERTIORARI TO THE
COURT OF CRIMINAL APPEALS  (In re: Alfonso Norman v. State of Alabama)
(Montgomery Circuit Court: CC91-398.60; Criminal Appeals : CR-06-1067).

## CERTIFICATE OF JUDGMENT

### Writ Denied

   The above cause having been duly submitted, IT IS CONSIDERED AND
ORDERED that the petition for writ of certiorari is denied.
   STUART, J. -  See, Lyons, Bolin, and Murdock, JJ., concur.  Cobb, C.J., recuses
herself.

I Robert G. Esdale, Sr., as Clerk of the Supreme Court
of Alabama, do hereby certify that the foregoing is
a full, true and correct copy of the instrument(s)
herewith set out as same appear(s) of record in said
Court.
Witness my hand this 9th day of November,  2007

*Robert D Esdale Sr*

Clerk, Supreme Court of Alabama

*EXHIBIT F*

/bb