IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ALPHONSO NORMAN, ) | |
| Reg. No 11288-002, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v ) | Civil Action No.2:08cv229-WKW |
| ) | |
| STATE OF ALABAMA, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**O R D E R**

This cause is before the court on a petition for habeas corpus relief under 28 U.S.C. § 2254 filed by state inmate Alphonso ("Norman") on or around March 15, 2008.[1] Norman challenges a 1991 conviction for possession of a controlled substance entered against him by the Circuit Court of Montgomery County, Alabama. He did not take a direct appeal from that conviction.

In accordance with orders of this court, the respondents have filed an answer in which they argue that Norman's federal habeas petition is barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions, *see* 28 U.S.C. § 2244(d)(1), because Norman failed

---

[1] Although the petition was date-stamped "received" in this court on March 28, 2008, it was signed by Norman on March 15, 2008. A *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day [Norman] signed it...." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

to file the petition within the one-year "grace period" allowed in this circuit.[2] The respondents specifically assert that because Norman's conviction was final in 1991 – before the effective date of the AEDPA – he had until April 24, 1997, to file a timely § 2254 petition, as he filed no state post-conviction petition challenging his conviction during the running of the limitation period. *See Wilcox v. Florida Department of Corrections*, 158 F.3d 1209, 1211 (11th Cir. 1998); *Goodman v. United States*, 151 F.3d 1335, 1337 (11th Cir. 1998). The respondents acknowledge that Norman filed a state habeas corpus petition in June 2006 and state post-conviction petition pursuant to Rule 32, *Alabama Rules of Criminal Procedure*, in December 2006. However, the respondents maintain that these actions had no impact on the running of the limitation period contained in 28 U.S.C. § 2244(d)(1), as the state habeas and Rule 32 petitions were filed and adjudicated by the state courts well after the federal limitation period had expired. *See Tinker v. Moore*, 255 F.3d 1331, 1333-1335 n.4 (11th Cir. 2001); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000).

Upon review of the pleadings and evidentiary materials filed in this case, it appears that Norman failed to file the instant § 2254 habeas petition within the time allowed by applicable federal law. Title 28 U.S.C. § 2244(d)(1)(A) provides that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run on the date when the time for seeking direct review of the challenged judgment expired. The Circuit Court Montgomery County imposed the sentence for the state conviction now challenged by Norman on June 4, 1991.

---

[2]Subsection (d) of 28 U.S.C. § 2244 was added by the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). This Act became effective on April 24, 1996.

Norman not file an appeal. Because he failed to undertake the direct appeal process, he was not entitled to petition the United States Supreme Court for review of his conviction. By operation of law, then, his conviction became final on or around July 16, 1991 – 42 days after imposition of sentence – as that was the date on which his time to seek direct review expired. *See* Rule 4(b)(1), *Alabama Rules of Appellate Procedure*; *Bridges v. Johnson*, 284 F.3d 1201, 1202 (11th Cir. 2002).

In light of the foregoing, it is clear that Norman's conviction became final before enactment of the AEDPA. Thus, if the AEDPA were applied retroactively, the one-year limitation period contained in § 2244(d)(1)(A) would have expired in July 1992. However, the Eleventh Circuit has held that "application of the one-year time bar in 28 U.S.C. § 2244(d) to petitions of prisoners, like [Norman], whose convictions became final long prior to the effective date of the AEDPA ... 'would be unfair, and impermissibly retroactive.' [*Goodman*, 151 F.3d at 1337]." *Wilcox*, 158 F.3d at 1211. The Court has further held that prisoners in this position must be allowed a reasonable period of time after enactment of § 2244(d)'s one-year period of limitation to file their § 2254 petitions, and determined that "a reasonable time" is "one year from the AEDPA's effective date." *Id*.

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." Although Norman filed a state post-conviction petitions in June and December of

3

2006, those petition did not toll the one-year period of limitation applicable to the instant action, as the state petitions were filed well after the one-year federal limitation period expired. This court concludes, therefore, that the time allowed Norman for filing a federal habeas petition expired on April 24, 1997.

Norman did not file his federal habeas petition until on or about March 15, 2008 – over 10 years after expiration of the reasonable time period afforded to him under applicable law. Accordingly, it is

**ORDERED that on or before June 6, 2008**, Norman shall show cause why his federal habeas petition should not be dismissed as it was not filed within a reasonable time after enactment of the AEDPA.

Done this 13th day of May, 2008.

                                           /s/Susan Russ Walker
                                           SUSAN RUSS WALKER
                                           CHIEF UNITED STATES MAGISTRATE JUDGE