IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ALPHONSO NORMAN,<br>Reg. No 11288-002,<br><br>Petitioner,<br><br>v<br><br>STATE OF ALABAMA, *et al.*,<br><br>Respondents. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No.2:08cv229-WKW<br>)          (WO)<br>)<br>)<br>) |

**ORDER ON MOTION**

Pending before this court (Doc. No. 18) is Petitioner's June 16, 2008, motion requesting that this court recharacterize his 28 U.S.C. § 2254 petition for habeas corpus relief as a petition for writ of error coram nobis. By his habeas petition, Petitioner challenges a state drug conviction entered against him by the Circuit Court of Montgomery County, Alabama.

Coram nobis has traditionally been a proceeding in a court to attack a judgment of that court for error of fact. *See United States v. Morgan*, 346 U.S. 502 (1954). Thus, a writ of coram nobis cannot be used to set aside the judgment of another court. *See Wolfson v. Florida*, 184 Fed.Appx. 866 (11th Cir. June 14, 2006) ("A writ of error coram nobis is not available in federal court to directly attack a state criminal judgment.") (citing *Theriault v. State of Mississippi*, 390 F.2d 657 (5th Cir. 1968) (per curiam)); *Sinclair v. State of Louisiana*, 679 F.2d 513, 514-15 (5th Cir. 1982); *Thomas v. Cunningham*, 335 F.2d 67 (4th

Cir. 1964); *Rivenburgh v. State of Utah*, 299 F.2d 842 (10th Cir. 1962). Here, Petitioner is not attacking a judgment of the United States District Court, but that of an Alabama state trial court. *Compare United States v. Morgan*, *supra*, and *United States v. Forlano*, 319 F.2d 617 (2nd Cir. 1963), with *Gillespie v. United States*, 376 F.2d 414 (6th Cir. 1967).

 Accordingly, it is

 ORDERED that Petitioner's motion to recharacterize his petition for habeas corpus relief under 28 U.S.C. § 2254 as a petition for writ of error coram nobis (Doc. No. 18) be and is hereby DENIED.

 Done this 23rd day of June, 2008.


       /s/Susan Russ Walker
       SUSAN RUSS WALKER
       CHIEF UNITED STATES MAGISTRATE JUDGE