IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ALPHONSO NORMAN, | ) | |
| Reg. No 11288-002, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v | ) | Civil Action No.2:08cv229-WKW |
| | ) | (WO) |
| STATE OF ALABAMA, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER ON MOTION**

Pending before this court (Doc. No. 18) is Petitioner's June 16, 2008, motion requesting that this court recharacterize his 28 U.S.C. § 2254 petition for habeas corpus relief as a petition for writ of error coram nobis. By his habeas petition, Petitioner challenges a state drug conviction entered against him by the Circuit Court of Montgomery County, Alabama.

Coram nobis has traditionally been a proceeding in a court to attack a judgment of that court for error of fact. *See United States v. Morgan*, 346 U.S. 502 (1954). Thus, a writ of coram nobis cannot be used to set aside the judgment of another court. *See Wolfson v. Florida*, 184 Fed.Appx. 866 (11th Cir. June 14, 2006) ("A writ of error coram nobis is not available in federal court to directly attack a state criminal judgment.") (citing *Theriault v. State of Mississippi*, 390 F.2d 657 (5th Cir. 1968) (per curiam)); *Sinclair v. State of Louisiana*, 679 F.2d 513, 514-15 (5th Cir. 1982); *Thomas v. Cunningham*, 335 F.2d 67 (4th

Cir. 1964); *Rivenburgh v. State of Utah*, 299 F.2d 842 (10th Cir. 1962).  Here, Petitioner is not attacking a judgment of the United States District Court, but that of an Alabama state trial court.  *Compare United States v. Morgan*, *supra*, and *United States v. Forlano*, 319 F.2d 617 (2nd Cir. 1963), with *Gillespie v. United States*, 376 F.2d 414 (6th Cir. 1967).

Accordingly, it is

ORDERED that Petitioner's motion to recharacterize his petition for habeas corpus relief under 28 U.S.C. § 2254 as a petition for writ of error coram nobis (Doc. No. 18) be and is hereby DENIED.

Done this 23rd day of June, 2008.

          /s/Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE