IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

==================================================================

ALFONSO NORMAN

    Petitioner

vs

    Civil Action N. 2:08-cv-229-WKW

STATE OF ALABAMA

    Respondent

==================================================================

PETITIONER'S REPLY TO GOVERNMENT ANSWER
AND U.S. DISTRICT COURT ORDER TO SHOW CAUSE

==================================================================

COMES NOW, ALFONSO NORMAN in the capacity of a pro se litigant hereby respectfully replying to the Government's Answer and U.S. District Court Order of March 13, 2008, why his §28 U.S.C. §2254 should not be dismissed as time-barred. Petitioner states these reasons as follows:

1. The Petitioner raised under Alabama Rule of Criminal Procedure §32.1(b) that the trial court lacked jurisdiction to render judgement or impose sentence, thus this claim is not subject to Ala. Rule §32.2(c) 1-year statute of limitation. See <u>Gordon v Nagle</u>, 2 F3d 385 (11th Cir. 1993). Therefore, this rule allows the Petitioner to raise this claim at any time even ten or fifteen years later. This remedy is available to Petitioner by right of state law. Contrary to the time-limitation set-out in §2244(d)(2) which now the state argues that this time-limitation bars Petitioner §2254 petition. Petitioner states that the state of Alabama's own rule is the reason why he did not file his petition in a reasonable time. This is because Petitioner was not under any time time-limitation to exhaust his Rule 32 post-conviction remedy on the claim that the court was was without jurisdiction to remder judgement or impose sentence jnder Rule 32.1(b) because the exception to the states' time-limitation rule under §32.2(c) and according to 28 USCA §2254(b)(1)&(c).

-1-

which states:

> "... an application for a writ of habeas corpus on behalf of a person and pursuant to the judgement of a state court shall not be granted that (A) that applicant has exhausted the remedies available in a court of the state ... and (C) an applicant shall be deemed to have exhausted the remedies available in the courts of the state within the meaning of this section if he has the right under the law of the state to raise by any available procedure the question presented..."  (28 USCS §2254(a) and (b)(1)(C))

2.   It appears to Petitioner that Alabama Rule 32.2(c) that makes an exception to the 1-year time limitation is in conflict with the federal habeas statute in the aspect that §2244(d)(1) time-limitation of 1-year does not make an exception for a claim of state-court lack jurisdiction to render judgement or impose sentence. The state of Alabama has a rule §32.1(b) that is not subject to the 1-year time limitation under §32.2(c) and if a criminal defendant follows it you will be time-barred from federal habeas review as in the case of Petitioner. In essence a criminal defendant is being "duped" in forfeiting their rights to federal habeas relief as you can see in Petitioner's case as the state now argues Petitioner is time-barred for following their rule in federal court but not time-barred in the state. This violates Petitioner's 5th and Fourteenth Amendment right to Due Process of Law.

3.   The Petitioner would like to argue that the time-limitation set forth in §2244(d)(1) is unconstitutional on its face as it does not set forth an exception for a claim of state court lacked jurisdiction to render judgement or impose sentence in violation of the due process clause of the Fourteenth and Fifth Amendments. A §2254 is the only procedurally vehicle to challenge the state court judgement in federal court and if a state court judgement is void for lack of juriisdiction this jurisdictional defect should not only not be subject to procedurally bar, but the time-bar as well and a void judgement does not get better in time. <u>U.S. v Peter</u>, supra; <u>U.S. v Morgan</u>, supra.

4.   Petitioner argues that his federal sentence was increased by this vid state prior conviction and Petitioner has exercised due diligence trying to get this prior conviction expunged even before his federal sentence became final. Petitioner states his federal sentence becamse final in October 6, 2006 by the U.S. Supreme Court. Petitioner filed his first post-conviction motion in the state of Alabama in June 2006. If this prior conviction was not used to incerase Petitioner's federal sentence he would have not have known it was illegal and void.

## CONCLUSION

5.   The Petitioner would like to conclude that he was "duped" into following the state court rule 32.2(c) that made an exception to the 1-year time limitation for claim of lack of jurisdiction to render judgement or impose sentence. Therefore, Petitioner was not under no time-limitation to exhaust his post-conviction remedy under Rule 32, thus conflicting with the federal habeas corpus 1-year time limitation under §2244(d)(1); therefore, making his §2254 petition timely according to §2244(d)(1)(b) and Petitioner had to exhaust his remedies under §2254(b)(1)(a)&(c).

6.   The Petitioner would like to reiterate that this unconstitutional jurisdictional defective void judgement and conviction should not be subjected to the 1-year time-limitation of §2244(d)(1). Void judgement does not gain its validity over time and it's adversely affecting his federal sentence by placing his criminal history category from I to III resulting in an increased sentence by at least 12 to 24 months. The federal courts should make an exception to the 1-year time-limitation for lack of state court jurisdiction to render judgement or impose sentence in violation of Petitioner's 5th and 14th Due Process Rights.

## PRAYER FOR RELIEF

WHEREFORE PREMISES CONSIDERED, Petitioner prays for the District Court to reach themerits and Grant this §2254 petition in the interest of justice. Respectfully submitted this 27 day of June, 2008:

Alfonso Norman
Reg NO  11288-002
Federal Correctional Institution
Box 34550, Memphis, TN  38184-0550

a pro se litigant

## PROOF OF SERVICE

Under penalty of perjury I hereby swear that a true copy of the foregoins Response to Government is being mailed to the J Thomas Leverette. AUSA, U.S. Attorney's Office, Criminal Division, 11 South Union Street, Montgomery, Alabama  06130-0152 this 27 day of June 2008.  28 U.S.C. §1746.

/s/ _____
    Alfonso Norman

Alfonso Jordan #11288-002
~~FPS~~ Federal Correctional Institute
P.O. Box 34550
Memphis, TN 38138-0550



Office of The Clerk
United States District Court
P.O. Box 711
Montgomery, Alabama 36101-0711

361018071l BC07