IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ALPHONSO NORMAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v | ) | Civil Action No. 2:08cv229-WKW |
| | ) | (WO) |
| STATE OF ALABAMA, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   BACKGROUND**

Alphonso Norman ("Norman"), currently an inmate incarcerated under a federal sentence, is before this court on a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Through his petition, Norman challenges a guilty plea conviction for unlawful possession of a controlled substance entered against him in 1991 by the Circuit Court of Montgomery County, Alabama. Norman argues that his 1991 guilty plea was involuntary and unknowing and that the indictment in that case was void because it failed to allege all elements of the controlled substance offense. (*See Doc. No. 1, "Memorandum of Law in Support of 2254 Writ of Habeas Corpus," at pp. 3-14.*) For the reasons indicated

---

[1] Although Norman's petition was date-stamped "received" in this court on March 28, 2008, it was signed by Norman on March 15, 2008. A *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-72 (1988); *Adams v. United States,* 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn,* 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day [Norman] signed it...." *Washington v. United States,* 243 F.3d 1299, 1301 (11th Cir. 2001). Accordingly, this court considers March 15, 2008, to be the filing date of Norman's petition.

below, this court concludes that Norman is not entitled to federal habeas relief.

## II.  DISCUSSION

For the 1991 controlled substance conviction that he attacks in his petition, Norman was sentenced on June 4, 1991, to five years in state prison, split to serve two years in Alabama Department of Corrections' custody. A review of the pleadings reveals that Norman's state sentence expired long before he filed the instant petition. (*See, e.g., Doc. No. 2 at p. 2; Doc. No. 21 at p. 3*.) Norman alleges, however, that his state conviction was used to enhance the federal sentence that he is currently serving and that he is therefore entitled to attack his expired state conviction through a § 2254 petition.

District courts have jurisdiction to entertain § 2254 habeas petitions only from petitioners who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *see also* 18 U.S.C. § 2241(c)(3); *Means v. Alabama*, 209 F.3d 1241, 1242 (11th Cir. 2000). The Supreme Court has stated that § 2254's "in custody" requirement means "that the habeas petitioner [must] be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). Accordingly, where a petitioner's sentence has fully expired, he does not meet the "in custody" requirement, and the mere possibility that the prior conviction will be used to enhance a sentence imposed for any subsequent crime is not enough to render him "in custody." *Id*. at 492. The Supreme Court has acknowledged, however, that when a § 2254 petition could be construed as asserting a challenge to a present sentence that actually was enhanced by the allegedly invalid prior conviction, the prisoner is "in custody"

for purposes of federal habeas jurisdiction. *Id*. at 493-94.

Even though a prisoner may be "in custody" under these circumstances, the mere fact that a prior conviction was used to enhance a present sentence does not entitle the prisoner to challenge the prior conviction. In *Lackawanna County Dist. Att'y v. Coss*, 532 U.S. 394 (2001), the Supreme Court held:

> [O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

*Id*. at 403-04 (citation omitted); *see also Daniels v. United States*, 532 U.S. 374, 382-84 (2001). A prisoner may properly use a § 2254 petition to challenge a prior expired state conviction used to enhance a current sentence *only* where counsel was not appointed in the prior conviction, in violation of *Gideon v. Wainwright*, 372 U.S. 335 (1963). *Lackawanna*, 532 U.S at 404-05; *see also Daniels*, 532 U.S. at 382-84. However, a petitioner seeking relief under this exception must still satisfy the procedural prerequisites for § 2254 relief. *Lackawanna*, 532 U.S at 404. The *Lackawanna/Daniels* exception is not implicated where a defendant was represented by counsel during the proceedings related to his prior conviction underlying the expired sentence. *See Hubbard v. Haley*, 317 F.3d 1245, 1256 n.20 (11th Cir. 2003).

In the instant case, Norman neither alleges nor demonstrates that his 1991 controlled substance conviction was uncounseled. In fact, both the Case Action Summary and

"Explanation of Rights and Plea of Guilt" form for the 1991 controlled substance conviction reflect that Norman was represented by counsel during those proceedings. (See Doc. No. 2 - Exhs. B and D.) Thus, the *Lackawanna* /*Daniels* exception would not be implicated in this case even if Norman had shown that his 1991 conviction was used to enhance his current sentence.

In any event, Norman is also not entitled to attack his expired state conviction because he did not satisfy the procedural prerequisites for § 2254 relief, a necessary component of a collateral attack even where the *Lackawanna* /*Daniels* exception is properly implicated. *See Lackawanna*, 532 U.S at 404. Specifically, Norman's petition challenging his 1991 controlled substance conviction is time-barred by the one-year limitation period applicable to § 2254 petitions, *see* 28 U.S.C. § 2244(d)(1). The Circuit Court of Montgomery County imposed the sentence for the conviction now challenged by Norman on June 4, 1991. Norman did not file an appeal. Because he failed to undertake the direct appeal process, he was not entitled to petition the United States Supreme Court for review of his conviction. By operation of law, then, the conviction became final on July 16, 1991 – 42 days after imposition of sentence – as that was the date on which Norman's time to seek direct review expired. *See* Ala.R.App.P. 4(b)(1); *Bridges v. Johnson*, 284 F.3d 1201, 1202 (11th Cir. 2002). Because Norman's conviction became final before enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), he had until April 24, 1997 – one year from the AEDPA's effective date – to file a timely § 2254 petition.[2] *See Wilcox v. Florida*

---

[2] The AEDPA became effective on April 24, 1996.

4

*Department of Corrections*, 158 F.3d 1209, 1211 (11th Cir. 1998); *Goodman v. United States*, 151 F.3d 1335, 1337 (11th Cir. 1998). Petitions for postconviction relief pursuant to Ala.R.Crim.P. 32 that Norman filed in the state trial court in June and December of 2006 had no bearing on the federal time-bar issue in the instant case, as the one-year limitation period for Norman to file a § 2254 petition expired long before he initiated those Rule 32 proceedings in the state court. *See Tinker v. Moore*, 255 F.3d 1331, 1333-1335 n.4 (11th Cir. 2001); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000).

Norman did not file his federal habeas petition until March 15, 2008 – over 10 years after expiration of the time period afforded to him under applicable law. Although he was allowed an opportunity to show cause why his petition should not be deemed untimely, Norman has not shown how any of the statutory tolling provisions of 28 U.S.C. § 2244(d)(1)(B)-(D) or principles of equitable tolling apply in his case so that the limitation period might be deemed to have expired at some time later than April 24, 1997.

Because Norman is not entitled to attack his expired conviction through a § 2254 petition – as he was represented by counsel in that prior proceeding – and because Norman's § 2254 petition is untimely under the federal limitation period, his petition should be denied.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be denied and this case dismissed with prejudice, because (1) Norman fails to establish a basis for federal habeas relief and (2) his petition is time-barred.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before December 6, 2009**.** A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done, this 23rd day of November, 2009.

/s/ Susan Russ Walker  
SUSAN RUSS WALKER  
CHIEF UNITED STATES MAGISTRATE JUDGE